**Maureen M. DelPORTE, etc.,**
**Plaintiff-Appellee,**

v.

**SHEARSON, HAMMILL & CO., INC.,**
**and Shearson, Hayden Stone, Inc.,**
**etc., Defendants-Appellants.**

No. 75–3018.

United States Court of Appeals,
Fifth Circuit.

March 17, 1977.

James F. Gilbride, Miami, Fla., for defendants-appellants.

Richard H. Critchlow, Miami, Fla., for plaintiff-appellee.

Before GOLDBERG and HILL, Circuit Judges, and KERR, District Judge.*

PER CURIAM:

AFFIRMED. See Local Rule 21.[1] We affirm for the reasons stated in the findings of fact and conclusions of law of the district court attached hereto.

---

\* Senior District Judge for the District of Wyoming, sitting by designation.

1. See *NLRB v. Amalgamated Clothing Workers of America,* 5 Cir., 1970, 430 F.2d 966.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO. 74–1665–Civ–PF

June 3, 1975

MAUREEN M. DelPORTE f/k/a
MAUREEN M. ARNETT and
MAUREEN M. LATHAM,

        Plaintiff,

vs.

SHEARSON, HAMMILL & CO.,
INC., and SHEARSON, HAYDEN
STONE, INC., its successor,

        Defendants.

FINDINGS OF FACTS
AND CONCLUSIONS OF LAW

This cause came on for trial before the Court without a jury on May 29, 1975, and the Court having heard the testimony and having examined the proofs offered by the respective parties, and having heard the arguments of counsel, the Court makes the following findings of fact and conclusions of law:

1. This Court has jurisdiction over the persons of the Defendants of the subject matter of the case under the provisions of Section 27 of the Securities Exchange Act of 1934.

2. The Defendant, SHEARSON, HAMMILL & CO., INC., was a corporation qualified to do business in Florida, did business in the Southern District of Florida, and was a registered securities broker-dealer with the State of Florida, Department of Banking and Finance, Division of Securities, United States Securities Exchange Commission and was a member of the National Association of Securities Dealers, Inc. and the New York Stock Exchange.

3. The Defendant, SHEARSON, HAYDEN STONE, INC., is a corporation qualified to do business in Florida, doing business in the Southern District of Florida, is a registered security broker with the State of Florida, Department of Banking and Finance, Division of Securities, the Securities Exchange Commission, and is a member of the National Association of Securities Dealers, Inc. and the New York Stock Exchange.

4. The Defendants, SHEARSON, HAMMILL & CO., INC., and HAYDEN STONE, INC., merged forming a successor corporation, SHEARSON, HAYDEN STONE, INC., which corporation has assumed the responsibilities and liabilities for all actions of SHEARSON, HAMMILL & CO., INC. prior to the merger.

5. The acts complained of herein involved the purchase and sales of securities within the meaning of Section 3(a)(10) of the Exchange Act and were done by the use of mails and by the use of means and instrumentalities of interstate commerce.

6. At all times material GEORGE PHILLIPS was employed as a registered representative with SHEARSON, HAMMILL & CO., INC. and was a registered securities salesman with the New York Stock Exchange, the National Association of Securities Dealers, Inc., the State of Florida and the State of New York, and all acts performed and statements made by

PHILLIPS herein were done within the course and scope of his employment with SHEARSON, HAMMILL & CO., INC.

7. At all times material the Plaintiff, MAUREEN M. DelPORTE, f/k/a MAUREEN M. ARNETT and MAUREEN M. LATHAM, was a customer of SHEARSON, HAMMILL & CO., INC. and dealt with GEORGE PHILLIPS as an authorized registered representative of SHEARSON, HAMMILL & CO., INC.

8. The employee of SHEARSON, HAMMILL & CO., INC. in charge of direct supervision of GEORGE PHILLIPS during the material times herein was Joseph Clinard, Branch Office Manager of the SHEARSON, HAMMILL & CO., INC. office located in Huntington, New York.

9. In or around June of 1969, the Plaintiff opened a cash custodian account with the Defendant, SHEARSON, HAMMILL & CO., INC.

10. In September, 1972, the Plaintiff authorized GEORGE PHILLIPS to purchase for her fifty (50) shares of IBM stock, one hundred (100) shares of Curtis Wright stock, and one hundred (100) shares of Major Electronics stock to be placed in her cash custodian account with SHEARSON, HAMMILL & CO., INC.

11. The Plaintiff's investment needs and objectives were to hold the IBM stock, the Major Electronics stock, and the Curtis Wright stock in the cash custodian account for the benefit of her daughter, buying additional securities or selling those in the account only upon the specific request of the Plaintiff.

12. At all times PHILLIPS and SHEARSON, HAMMILL & CO., INC. knew what the Plaintiff's investment needs and objectives were.

13. On or about September 13, 1972, PHILLIPS, in the course and scope of his employment with SHEARSON, HAMMILL & CO., INC., knew the Plaintiff's signature was forged on a customer margin agreement.

14. The Plaintiff never authorized or consented to the opening of a margin account with SHEARSON, HAMMILL & CO., INC. in her name.

15. Thereafter without the knowledge or consent of the Plaintiff, PHILLIPS caused to be transferred from the Plaintiff's custodian account the fifty (50) shares of IBM stock, the one hundred (100) shares of Curtis Wright stock, and the one hundred (100) shares of Major Electronics, into the margin account which PHILLIPS had opened in the Plaintiff's name without her authority.

16. PHILLIPS without the knowledge or consent of the Plaintiff further transferred or liquidated all of the stocks remaining in the Plaintiff's cash custodian account and transferred same into the margin account.

17. Thereafter without the knowledge, consent or the authority of the Plaintiff, PHILLIPS effected trades in the margin account, including, but not limited to, selling the fifty (50) shares of IBM which the Plaintiff had specifically requested be purchased for her cash custodian account, selling the one hundred (100) shares of Curtis Wright stock which the Plaintiff had specifically requested that be purchased for her cash custodian account, and further trading in the margin account without the knowledge, consent or authority of the Plaintiff causing the Plaintiff the loss of the total value paid by her in the custodian account.

18. That the Plaintiff invested with the Defendant, SHEARSON, HAMMILL & CO., INC. the following consideration:

a. $19,000.00 by check on or about September 14, 1972.

b. $1,156.28 on or about September 13, 1972, by the sale of one hundred (100) Union Corporation stock.

c. $287.59 on or about September 13, 1972, by the sale of one hundred (100) United Brand stock.

d. $206.91 on or about September 13, 1972, by the sale of seventy-five (75) United Brand stock.

e. $601.00 on or about October 16, 1972, by a cash transfer.

f. $67.50 on or about December 9, 1972, received from an IBM stock dividend.

g. $800.00 on or about May 26, 1973, by the payment of a margin call.

h. $1,000.00 on or about June 8, 1973, by the payment of a margin call.

i. $200.00 on or about July 5, 1973, by the payment of a margin call.

j. $600.00 on or about December 7, 1973, by the payment of a margin call.

19. That the Plaintiff never authorized nor consented to the payment of any margin calls in her account but rather the Plaintiff's mother, Muriel Steinfeldt, paid all margin calls without obtaining the consent of the Plaintiff, although the funds were those of the Plaintiff.

20. That in December of 1972, PHILLIPS traveled to Florida and visited with the Plaintiff and at that time attempted to convince the Plaintiff to liquidate or transfer her shares in IBM stock, Curtis Wright stock and Major Electronics stock into over-the-counter, volatile, and speculative stocks.

21. During PHILLIPS visit with the Plaintiff in Florida in December, 1972, PHILLIPS never advised the Plaintiff that he had opened a margin account without her knowledge, consent or authority nor that he had continually traded in that account without her knowledge, consent or authority.

22. During PHILLIPS visit with the Plaintiff in December, 1972, the Plaintiff specifically told PHILLIPS not to sell IBM, Curtis Wright or Major Electronics, but rather to leave same in the cash custodian account for the benefit of her child.

23. Thereafter PHILLIPS mailed to the Plaintiff at the address in Florida where the Plaintiff's mother was residing a letter specifying PHILLIPS unauthorized activities in the Plaintiff's account which letter the Plaintiff did not receive until February, 1973, after PHILLIPS had left the employ of SHEARSON, HAMMILL & CO., INC.

24. That immediately upon receipt of the letter from PHILLIPS, the Plaintiff contacted SHEARSON, HAMMILL & CO., INC. at the Huntington branch office and inquired into the status of her cash custodian account.

25. That upon contacting SHEARSON, HAMMILL & CO., INC. in the presence of Joseph Clinard and Larry Feirstein in Huntington, New York in March, 1973, the Defendant refused to reinstate the Plaintiff into the same security position that she had been prior to the unauthorized opening and trading in a margin account or to return to her all cash invested.

26. That thereafter SHEARSON, HAMMILL & CO., INC. sent margin calls to the Plaintiff and her mother and further verbally informed the Plaintiff's mother that if the margin calls were not met the Defendant, SHEARSON, HAMMILL & CO., INC., would sell the securities in her account to satisfy the margin requirements.

27. That thereafter SHEARSON, HAMMILL & CO., INC. sold all securities held by the Plaintiff in the unauthorized margin account without the authority, consent or authorization of the Plaintiff and totally liquidated the entire investment of the Plaintiff with SHEARSON, HAMMILL & CO., INC. in the amount of $23,308.28.

28. That SHEARSON, HAMMILL & CO., INC. and GEORGE PHILLIPS had a fiduciary duty to the Plaintiff which both SHEARSON, HAMMILL & CO., INC. and GEORGE PHILLIPS breached.

29. That SHEARSON, HAMMILL & CO., INC. and PHILLIPS in the handling of the Plaintiff's account as herein above stated engaged in acts, practices and a course of business which operated as a fraud and deceit upon the Plaintiff under the Securities Exchange Act of 1934.

30. That SHEARSON, HAMMILL & CO., INC. and GEORGE PHILLIPS as hereinabove stated, made untrue and misleading statements of material facts to the Plaintiff in connection with her account with SHEARSON, HAMMILL & CO., INC. and omitted to tell the Plaintiff material facts about her account and the Plaintiff

reasonably relied upon the misstatements of PHILLIPS and SHEARSON, HAMMILL & CO., INC.

31. SHEARSON, HAMMILL & CO., INC. knew or had reasonable grounds to know or should have known of PHILLIPS acts, misrepresentations, omissions, in the course of its conduct in the exercise of a reasonable system of internal supervision of its securities salesman, GEORGE PHILLIPS.

32. That in connection with the opening of a margin account in the Plaintiff's name and in connection with the offer to extend credit to and arrange for a loan for the Plaintiff in the margin account, the Defendant, SHEARSON, HAMMILL & CO., INC., never delivered to the Plaintiff a written statement setting forth the exact nature and extent of her obligation under the margin account arrangement, including but not limited to the specific charges which the Plaintiff would incur under the agreement, the risks and the disadvantages which the Plaintiff would incur in a margin account, and all commission discounts, interests and other remunerations received or to be received in connection with the entire transaction.

33. Neither SHEARSON, HAMMILL & CO., INC. nor GEORGE PHILLIPS obtained from the Plaintiff any information concerning her fiscal situation and needs, reasonably determining the entire transaction, including the opening of the margin account, and whether same was suitable for the Plaintiff, or ever delivered to the Plaintiff a written statement setting forth the basis upon which it made its determination of the suitability of the account for the Plaintiff.

34. The margin account, in light of the circumstances surrounding the investment needs and objectives of the Plaintiff, was unsuitable for the Plaintiff.

35. That SHEARSON, HAMMILL & CO., INC. was a "controlling" person, over the activities of PHILLIPS during all material times mentioned herein pursuant to Section 20 of the Securities Exchange Act of 1934 (15 U.S.C. Section 78(t)).

36. That SHEARSON, HAMMILL & CO., INC. as a controlling person failed to establish, maintain and diligently enforce a proper system of supervision and internal control of the operations of PHILLIPS as a registered representative of SHEARSON, HAMMILL & CO., INC., in violation of Section 10(b) of the Securities Exchange Act of 1934 and Rule 10(b)5 promulgated thereunder and Section 27 of the Rules of Fair Practice of the National Association of Securities Dealers, Inc.

37. The Plaintiff never vested with PHILLIPS or SHEARSON, HAMMILL & CO., INC. discretion to trade in her account, nor was any discretionary account card ever signed by the Plaintiff for her account with SHEARSON, HAMMILL & CO., INC.

## CONCLUSIONS OF LAW

1. This Court has jurisdiction of this cause based upon Section 27 of the Securities Exchange Act of 1934, title 15 U.S.C. Section 78(aa).

2. The misrepresentations, omissions to state material facts, and course of conduct of the Defendants in connection with the purchase and sale of securities found herein constitute violations of Section 10(b) of the Securities Exchange Act of 1934 and Rule 10(b)5 promulgated thereunder.

3. Defendant, SHEARSON, HAYDEN STONE, INC. is liable for the violations and fraud committed by its agent and employee, PHILLIPS, in connection with the purchase and sale of securities of the Plaintiff's account with SHEARSON, HAMMILL & CO., INC.

4. PHILLIPS' actions as a registered representative of SHEARSON, HAMMILL & CO., INC. while under the direction of and were to be supervised by SHEARSON, HAMMILL & CO., INC. as required by law and the securities agencies of which they were members. Accordingly, SHEARSON, HAMMILL & CO., INC. and SHEARSON, HAYDEN STONE, INC. were controlling

**1154**

persons within the meaning of Section 20 of the 1934 Securities Exchange Act, 15 U.S.C. Section 78t(a) during all times material to this cause.

5. SHEARSON, HAMMILL & CO., INC.'s controlling persons failed to establish, maintain or diligently enforce a proper system of supervision and control of PHILLIPS' activities and transactions as a registered representative of SHEARSON, HAMMILL & CO., INC. Accordingly SHEARSON, HAMMILL & CO., INC. as controlling person is liable to the Plaintiff under Section 20 of the 1934 Securities Exchange Act for the deceptive conduct of PHILLIPS.

6. The Court holds that the proper measure of Plaintiff's damages is the actual damages or "out of pocket losses" which the Plaintiff suffered due to the fraudulent conduct and violations by PHILLIPS and SHEARSON, HAMMILL & CO., INC. in the amount of $23,308.28.

Final Judgment will be entered accordingly in favor of the Plaintiff.

DONE and ORDERED in Chambers, Miami, Dade County, Florida, this 3rd day of June, 1975.

    (s) Peter T. Fay
       PETER T. FAY, U.S. DISTRICT
       JUDGE

cc: Tew, Tew & Murray, P.A.
    James F. Gilbride