**VILLAGE OF ARLINGTON HEIGHTS POLICE PENSION FUND, Plaintiff,**

v.

**Lee L. PODER and Exchange National Bank, a National Banking Association, Defendants.**

No. 88 C 3892.

United States District Court, N.D. Illinois, E.D.

Dec. 1, 1988.

David T. Rallo, John P. Nally, Frank F. Tully, Jr., Rallo & Tepper, Chicago, Ill., for plaintiff.

Robert Dunn Glick, A. Daniel Feldman, Schwartz, Cooper, Kolb & Gaynor Chartered, Chicago, Ill., for defendant Exchange Nat. Bank.

## ORDER

BUA, District Judge.

This case is one of several lawsuits arising out of the alleged improprieties of defendant Lee L. Poder, formerly the Village Treasurer of the Village of Arlington Heights. Poder allegedly mishandled and embezzled funds belonging to Arlington Heights' Police Pension Fund and Fire Fighters Pension Fund. In the instant action, plaintiff Village of Arlington Heights Police Pension Fund ("Police Pension Fund") claims that defendant Exchange National Bank ("Exchange") interacted with Poder to commit violations of § 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b) (1982), and Securities and Exchange Commission Rule 10b–5, 17 C.F.R. § 240.10b–5 (1987). The Police Pension Fund's amended complaint also asserts pendent state law claims of common law fraud, unjust enrichment, negligence, and willful and wanton conduct against Exchange. Exchange has moved to dismiss the federal securities claims under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim on which relief can be granted. Exchange also has requested that the court dismiss the pendent state law claims. For the reasons stated herein, Exchange's motion to dismiss is denied.

## FACTS

On a motion to dismiss, this court is bound to accept the following well-pleaded

allegations as true. *Ed Miniat, Inc. v. Globe Life Ins. Group, Inc.*, 805 F.2d 732, 733 (7th Cir.1986), *cert denied*, —— U.S. ——, 107 S.Ct. 3188, 96 L.Ed.2d 676 (1987). Poder was Treasurer of the Village of Arlington Heights from about May 1983 to May 1987. Exchange, at all times relevant to this action, was engaged in business as a broker and dealer in securities. Sometime in January 1987, Poder commenced a series of securities trades with Exchange on behalf of or in the name of the Police Pension Fund. Poder had no authority to make such trades. The Board of Trustees of the Fund, in whom the power to manage and invest the Fund's assets is vested exclusively, never gave any authority or authorization to Poder to trade the Fund's assets on behalf of or in the name of the Fund. Exchange knew that Poder had no authority to make trades on behalf of the Police Pension Fund, but executed them anyway.[1] Further, Exchange executed the trades despite its knowledge that Poder was effectuating "highly speculative" trading, as opposed to "investment" trading more suitable for pension fund assets. Poder concealed his improper trading activity from the Police Pension Fund's Board of Trustees and others. At no time did Exchange disclose to the Police Pension Fund that its assets were subject to unauthorized and unsuitable trading by Poder. As a result, the Police Pension Fund sustained losses in the amount of commissions paid to Exchange, the reduction of its assets, and other consequential damages.

## DISCUSSION

■ The Police Pension Fund claims these facts establish that Exchange violated, and aided Poder in violating, § 10(b) and Rule 10b–5. Exchange, conversely, argues that the allegations do not constitute federal securities claims. To state a claim under Rule 10b–5, plaintiff must allege each of the elements of a 10b–5 cause of action. Plaintiff must allege that defend-

ant made an untrue material misrepresentation or omitted to disclose material information in connection with the purchase or sale of securities, and that plaintiff's reliance on such misrepresentations resulted in his injury. 17 C.F.R. § 240.10b–5 (1987). *See Rankow v. First Chicago Corporation*, 678 F.Supp. 202 (N.D.Ill.1988). Plaintiff must also allege scienter, that is, that the defendant acted with an "intent to deceive, manipulate, or defraud." *Ernst & Ernst v. Hochfelder*, 425 U.S. 185, 193, 96 S.Ct. 1375, 1381, 47 L.Ed.2d 668 (1976). The court finds that the Police Pension Fund's complaint sufficiently alleges each of these elements to withstand a motion to dismiss.

■ Exchange argues that Police Pension Fund's 10b–5 claim fails because it does not establish that Exchange made any misrepresentation. However, the broad language of Rule 10b–5 prohibits the commission of "any act, practice, or course of business which operates or would operate as a fraud or deceit" and the use of "any device, scheme, or artifice to defraud." These proscriptions do not require a misrepresentation. As here, an allegation of a fraudulent material omission is sufficient.

Exchange also contends that the complaint should be dismissed because any alleged fraud did not occur "in connection with" the purchase and sale of securities as required by Rule 10b–5. Exchange maintains that this case is like *O'Brien v. Continental Illinois Bank and Trust Company of Chicago*, 593 F.2d 54 (7th Cir.1979), where the court held that plaintiffs did not state a 10b–5 cause of action. In *O'Brien*, the plaintiffs, trustees of certain pension trusts, entered into an agreement under which the defendant bank received pension trust assets into a discretionary trading account which the bank agreed to invest on behalf of the trusts. *Id.* at 57. The bank had complete discretion to invest the assets as it saw fit. *Id.* Plaintiffs retained the

---

1. The relevant paragraph in the complaint alleges: "Exchange either knew that Poder had no authority to invest Police Pension Fund assets through an account with Exchange or recklessly disregarded the fact that it had not received any such authorization ..." On a motion to dismiss, the court is required to read these allegations in the light most favorable to plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974).

power to terminate the agreement at will. *Id.* When plaintiffs became aware of various improprieties on the bank's part in trading the account—specifically, conflicts of interest—they sued alleging § 10(b) and Rule 10b–5 claims. *Id.*

The court dismissed the federal claims, holding that the crux of plaintiffs' grievance was that the bank had breached its fiduciary duty to the trust. *Id.* at 60–63. The court ruled that information which the bank failed to disclose concerned whether plaintiffs should terminate the trust, not whether plaintiffs should invest in the securities. *Id.* at 60. Plaintiffs had already given the bank full discretion to make investment decisions for the pension trusts. Therefore, the court found that plaintiffs did not state a 10b–5 claim. *Id.* at 63.

In the instant case, in contrast, the non-disclosure of which the Police Pension Fund complains directly relates to the Fund's decision to invest in securities. The complaint alleges that the Fund never gave Poder or Exchange any authority, much less total discretion, to trade on behalf of the fund. Thus, *O'Brien* is inapposite. *See Norris v. Wirtz,* 719 F.2d 256 (7th Cir.1983) (distinguishing *O'Brien* and upholding a 10b–5 claim where plaintiff reserved the right to approve certain transactions), *cert. denied,* 466 U.S. 929, 104 S.Ct. 1713, 80 L.Ed.2d 185 (1984). *Cf. DelPorte v. Shearson, Hammill & Co., Inc.,* 548 F.2d 1149 (5th Cir.1977) (wholly unauthorized trading gives rise to a 10b–5 claim). The allegations in the instant case are that Exchange knew Poder was making unauthorized and unsuitable trades, that Exchange intentionally failed to inform the Police Pension Fund of those unauthorized trades, and that but for Exchange's intentional failure to inform the Fund, the Fund would not have made the trades which caused its losses. Accepting these allegations as true, they satisfy the "in connection with" requirement of a Rule 10b–5 claims.

Exchange raises one final argument challenging the complaint. This argument is addressed specifically at Count III of the complaint, which asserts a 10b–5 claim based on allegations that Poder effectuated "unsuitable" trades on behalf of the Fund and that Exchange executed the trades despite knowing such trades were unsuitable. Exchange's position is that no cause of action exists for unsuitable trading. This argument is easily rejected. Unsuitable trading clearly has been established as a basis for 10b–5 liability. *See Clark v. John Lamula Investors, Inc.,* 583 F.2d 594 (2d Cir.1978). Therefore, Count III states a claim on which relief can be granted.

In finding the Police Pension Fund's allegations sufficient to state a claim, this court is in accord with Judge Kocoras, who recently reached the same conclusion in a similar case involving Poder, the Arlington Heights Fire Fighters' Pension Fund, and First Tennessee Bank National Association. *See Board of Trustees of the Fire Fighters' Pension Fund v. Poder,* No. 88 C 3848 (N.D.Ill. Oct. 26, 1988) [1988 WL 115288]. As Judge Kocoras noted in that decision, a party moving to dismiss must meet a high standard. A complaint cannot be dismissed for failure to state a claim unless it appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson,* 355 U.S. 41, 46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957). Under this high standard, Police Pension Fund's 10b–5 allegations withstand Exchange's motion to dismiss.

## CONCLUSION

For the foregoing reasons, Exchange's motion to dismiss is denied.

IT IS SO ORDERED.