**BOARD OF TRUSTEES OF the FIRE FIGHTERS PENSION FUND, etc., Plaintiff,**

**v.**

**Lee L. PODER, et al., Defendants.**

**VILLAGE OF ARLINGTON HEIGHTS POLICE PENSION FUND, Plaintiff,**

**v.**

**Lee L. PODER, et al., Defendants.**

Nos. 88 C 3851, 88 C 3895.

United States District Court,
N.D. Illinois, E.D.

Jan. 24, 1989.

Donald M. Rose, Kathleen Ross, Rose & Ross, Rolling Meadows, Ill., Cynthia L. Johnson, Pope, Ballard, Shepard & Fowle, Ltd., Chicago, Ill., William E. Kelly, Gregory W. Beihl, Chicago, Ill., for plaintiff.

Stephen Novack, P. Andrew Fleming, Novack and Macey, Chicago, Ill., Frank E. Mostick, LaGrange, Ill., for defendants.

## ORDER

NORGLE, District Judge.

Before the court is the motion to dismiss of defendant Westcap Government Securities, Inc. ("Westcap"). For the following reasons, the motion is granted in part and denied in part.

The facts of these related cases, as alleged in the amended complaints, are briefly summarized as follows. From May, 1983 through May, 1987, defendant Lee L. Poder ("Poder") was the Treasurer of the Village of Arlington Heights, the Treasurer and Custodian of the Village of Arlington Heights Fire Fighters' Fund, and the Treasurer and/or Custodian of the Village of Arlington Heights Police Pension Fund (hereafter referred to as the "Funds," "Police Fund," or Fire Fighters' Fund"). During that time period, and without authority, Poder opened accounts with Westcap, and directed Westcap to execute trades for the Funds, trades which were unsuitable and highly speculative. Westcap knew or acted in reckless disregard of the fact that Poder lacked authority to direct these transactions.

Though the Funds allege numerous counts, only the federal securities counts are the subject of the motion to dismiss. The Funds both allege violation of the Securities Commission Rule 10b–5 (Rule 10b–5) by its Westcap for failure to disclose material facts (Count I of each amended complaint); for aiding and abetting Poder's violation of Rule 10b–5 (Count II of Police Fund Amended Complaint); and for recommending and allowing highly speculative trading activity (Count III of Police Fund Amended Complaint, Count II of Fire Fighters' Amended Complaint).

On a motion to dismiss, the allegations of the complaint as well as the reasonable inferences to be drawn from them are taken as true. *Doe v. St. Joseph's Hosp.*, 788 F.2d 411 (7th Cir.1986). The plaintiff need not set out in detail the facts upon which a claim is based, but must allege sufficient facts to outline the cause of action. *Id.* The complaint must state either direct or

inferential allegations concerning all of the material elements necessary for recovery under the relevant legal theory. *Mescall v. Burrus*, 603 F.2d 1266 (7th Cir.1979). The court is not required to accept legal conclusions either alleged or inferred from pleaded facts. *Carl Sandburg Village Condominium Ass'n No. 1 v. First Condominium Development Co.*, 758 F.2d 203, 207 (7th Cir.1985). Dismissal under Rule 12(b)(6) is improper unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Papapetropoulous v. Milwaukee Transport Services, Inc.*, 795 F.2d 591, 594 (7th Cir.1986).

 This court recently decided that a plaintiff states a claim for failure to disclose material facts under Rule 10b–5 by alleging that a securities brokerage firm knowingly executed transactions on behalf of an account as directed by one not authorized to direct such transactions. *See Hometown Savings and Loan Association, F.A. v. Moseley Securities Corp.*, 703 F.Supp. 723 (N.D.Ill.1988); *accord, Board of Trustee v. Poder*, No. 88 C 3855, 1988 WL 135632 (N.D.Ill. December 8, 1988); *Village of Arlington Heights Police Pension Fund v. Poder*, 700 F.Supp. 405 (N.D.Ill.1988); *Board of Trustees v. Poder*, No. 88 C 3848, 1988 WL 115288 (N.D.Ill. October 26, 1988). The arguments presented in the memoranda do not persuade the court that its decision was incorrect. Consequently, the motion to dismiss Count I is denied.[1]

 The Seventh Circuit has held that an action for aiding and abetting a Rule 10b–5 violation can be maintained. Though not previously set out, this court discerns that there are essentially four elements to such an action. First, there must be a primary violator, whom the aider and abetter assist-ed. *See Congregation of the Passion v. Kidder Peabody*, 800 F.2d 177, 183 (7th Cir.1986). Second, the aider and abetter must act with the same mental state required for primary liability. *Barker v. Henderson, Franklin, Starnes and Holt*, 797 F.2d 490, 495 (7th Cir.1986). Third, the accused party must have substantially assisted the violation, and fourth, that assistance must have been a substantial factor in causing the resulting harm. *First Interstate Bank of Nevada v. Chapman and Cutler*, 837 F.2d 775, 779 (7th Cir.1988).

 Applying that standard, the court finds that the Police Fund properly states a claim against Westcap for aiding and abetting. The existence of a primary violation, that being the actions of Poder, is unquestionable. That Westcap knew or acted with disregard of the fact that Poder was acting without authority, and therefore was committing Rule 10b–5 violations, is alleged in the Amended Complaint of the Police Fund. Westcap's argument that actual knowledge rather than mere reckless disregard must be plead is rejected as contrary to the Seventh Circuit's opinion in *Barker*, 797 F.2d at 495. By executing transactions as directed by Poder despite this "knowledge," Westcap substantially assisted in the violation, as the execution of the transactions was itself the fraud and deception constituting the underlying violation.[2] Furthermore, that assistance was a substantial factor in causing harm to the Police Fund, as the compliance of a securities brokerage firm was an essential element of Poder's scheme. Therefore, the motion to dismiss Count II of the Amended Complaint of the Police Fund is denied.

 Finally, the court must consider the counts of "unsuitable and speculative trading." As written, these counts each

---

1. However, the court rejects Fire Fighters' Fund's argument that it may prevail against Westcap simply by alleging that Westcap "should have known" Poder was unauthorized. The "shingle theory" does not support holding Westcap liable for mere negligence. On the contrary, "the scienter requirement of Rule 10b–5 presumably extends to the shingle theory." *Fundamentals of Securities Regulation*, Loss, at 814 (2d ed. 1988).

2. In *Congregation of the Passion*, 800 F.2d at 184, the court found on summary judgment that there was no evidence of knowledge of fraud by the securities corporation. Here, however, on a motion to dismiss, the court must assume the accuracy of plaintiff's allegation of Westcap's scienter. *See* Fed.R.Civ.P. 9(b).

**138**

contain two distinct counts. First, they allege that Westcap failed to disclose to plaintiffs the unsuitable and speculative nature of the transactions Poder directed Westcap to execute, and second, they allege that Westcap persuaded Poder to engage in these transactions. Regarding the first, liability under section 10(b) and Rule 10b–5 for failure to inform a customer that its agent was engaging in unduly risky transactions exists if the dealer is a fiduciary of the customer. *Congregation of the Passion,* 800 F.2d at 182. The Amended Complaints allege a fiduciary relationship between plaintiffs and Westcap. The court accepts those allegations as true, for purposes of this motion, and denies the motion to dismiss that "portion" of the suitable and speculative trading counts. *Accord Board of Trustees v. Poder,* No. 88 C 3855, slip op. at 3–4. Regarding the second, plaintiffs fail to allege even one specific instance of Westcap exercising influence, and thus fail to meet the requirements of Fed.R.Civ.P. 9(b).[3] *Accord, Board of Trustees v. Poder,* No. 88 C 3855, slip op. at 7. Therefore, the portions of the counts for unsuitable and speculative trading alleging Westcap recommended and persuaded Poder to engage in speculative trading are stricken.

In sum, the motion to dismiss Counts I and II of the Amended Complaint of the Police Fund, and Count I of the Amended Complaint of the Fire Fighters' Fund is denied. The motion to dismiss Count III of the Amended Complaint of the Police Fund, and Count II of the Fire Fighters' Fund is denied insofar as it alleges Westcap's failure to disclose unsuitable and speculative transactions, but all allegations that Westcap persuaded or recommended to Poder

that he engage in such transactions are stricken.

IT IS SO ORDERED.

---

**3.** Plaintiffs fail to meet the requirements of Rule 9(b) in this allegation because plaintiffs allege that Westcap committed affirmative acts of recommendation and persuasion, yet fail to allege with any specificity the circumstances surrounding those acts. However, plaintiffs have complied with Rule 9(b) in their other allegations. Plaintiffs' allegations that Westcap failed to disclose Poder's activities by their very nature limit Westcap's ability to specify circumstances; one cannot specify when someone did not do something. Rather, one can only allege, as plaintiffs have, that someone should have made particular disclosures within a certain time frame, yet failed to do so. Plaintiffs' allegation that Westcap aided and abetted Poder contains sufficient specificity; the Amended Complaints contain lists of specific transactions Westcap allegedly executed to aid Poder. Westcap's "state of mind," i.e., scienter, while committing these acts and omissions may be plead generally. Fed.R.Civ.P. 9(b).