BOARD OF TRUSTEES OF THE FIRE FIGHTERS PENSION FUND OF THE VILLAGE OF ARLINGTON HEIGHTS, Plaintiff,

v.

LIBERTY GROUP, a California Limited Partnership, Defendant.

VILLAGE OF ARLINGTON HEIGHTS POLICE PENSION FUND, Plaintiff,

v.

LIBERTY GROUP, a California Limited Partnership, Defendant.

Nos. 88 C 3847, 88 C 3896.

United States District Court, N.D. Illinois, E.D.

March 9, 1989.

See also, 708 F.Supp. 1499.

Donald M. Rose, Kathleen Ross, Rose & Ross, Ltd., Rolling Meadows, Ill., William E. Kelly, Gregory W. Beihl, Cynthia L. Johnson, Pope, Ballard, Shepard & Fowle, Ltd., Chicago, Ill., for plaintiff.

Frank E. Mosetick, LaGrange, Ill., William A. Streff, Jr., Patrick J. Ahern, Kirkland & Ellis, Chicago, Ill., for defendant.

## MEMORANDUM OPINION AND ORDER

HOLDERMAN, District Judge:

These cases are two of several cases filed in this district by plaintiffs Board of Trustees of the Fire Fighters' Pension Fund of the Village of Arlington Heights (the "Fire Fund") and the Village of Arlington Heights Police Pension Fund (the "Police Fund"). Each case resulted from the criminal misconduct of former Treasurer Lee L. Poder of the Village of Arlington Heights in connection with Mr. Poder's use and investment of funds belonging to the Village and its two pension funds.

The Fire Fund and the Police Fund each filed an Amended Complaint in their respective cases in August, 1988. In this motion, defendant Liberty Group ("Liberty") has moved to dismiss the Amended Complaints under Fed.R.Civ.P. 12(b)(6) for failing to state a claim upon which relief can be granted. Because the issues in each case are substantially the same, this court will dispose of the motions together in one opinion.

## FACTS

From 1983 to 1987 Mr. Poder was the Treasurer of the Village of Arlington Heights and *ex officio* the custodian of the Fire and Police Funds. During his tenure as treasurer, Mr. Poder executed a series of securities trades through Liberty, a broker and dealer in securities. Each of the funds allege that these trades were unsuitable and highly speculative, and that Mr. Poder was not authorized to direct these transactions. The complaint charges Liberty with violations of the federal securities laws and state common law.

Liberty has moved to dismiss both the federal securities counts and the common law counts. The Funds allege that Liberty violated Securities and Exchange Commission Rule 10b–5 by failing to disclose material facts (Count I of both complaints) and for recommending and allowing highly speculative trading activity (Count II of the Fire Fund Complaint and Count III of the Police Fund Complaint). In addition, the Police Fund Complaint asserts a claim against Liberty for aiding and abetting Mr. Poder's violation of 15 U.S.C. § 78j(b) and Rule 10b–5 (Count II of the Police Complaint). Both complaints also assert causes of action based on common law fraud, negligence, wanton and willful conduct, and unjust enrichment. Finally, Count VII of the Fire Fund Complaint asserts a cause of action against Liberty for dealing with an unauthorized agent.

## DISCUSSION

In deciding whether to dismiss a complaint under Fed.R.Civ.P. 12(b)(6), the court must accept the allegations of a complaint as true and must view the allegations in the light most favorable to the plaintiff. *Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 2232–33, 81 L.Ed.2d 59 (1984); *The Marmon Group, Inc. v. Rexnord Inc.,* 822 F.2d 31, 34 (7th Cir.1987). "A complaint should be dismissed for failure to state a claim only if it appears beyond doubt that the plaintiff is unable to prove any set of facts that would entitle

the plaintiff to relief...." *Doe v. St. Joseph's Hospital,* 788 F.2d 411, 414 (7th Cir.1986).

## A. *Securities and Exchange Commission Rule 10b–5*

■ The Funds allege that Liberty violated Rule 10b–5 by permitting Mr. Poder to invest the Funds' assets through an account with Liberty even though Liberty knew that Mr. Poder had no authority to act on behalf of the Funds. The Funds assert that Liberty had a duty to disclose the fact that Mr. Poder engaged in impermissible investment practices and authorized the sale of highly speculative and volatile securities on behalf of the Funds. Liberty has moved to dismiss these assertions on the grounds that (1) the complaint does not meet the Rule 10b–5 requirement that a fraudulent practice be "in connection with" the purchase or sale of securities, and (2) Liberty owed no duty of disclosure to the Fund because it acted merely as an instrument for effecting Mr. Poder's investment decisions.

Several judges of this district court have recently decided that a plaintiff states a claim against a broker for failing to disclose material facts in violation of Rule 10b–5 by alleging that the broker executed trades in an account for an individual who the broker knows is unauthorized to direct the transactions. *Board of Trustees v. Poder,* No. 88–3851, slip op. (N.D.Ill. January 24, 1989) (Norgle, J.); *Board of Trustees v. The Chicago Corporation,* No. 88–3855, slip op., 1988 WL 135632 (N.D.Ill. December 8, 1988) (Marshall, J.); *Village of Arlington Heights v. Poder,* 700 F.Supp. 405 (N.D.Ill.1988) (Bua, J.); *Board of Trustees v. Poder,* No. 88–3848, slip op., 1988 WL 115288 (N.D.Ill. October 26, 1988) (Kocoras, J.). None of Liberty's arguments persuade the court to reach a result contrary to these decisions. Consequently, Liberty's motion to dismiss Count I of the Amended Complaints is denied.

■ The Funds also purport to state a claim against Liberty under Rule 10b–5 for persuading, influencing and permitting Mr. Poder to engage in speculative trading activities with assets belonging to the Funds. The Funds base the pertinent facts in their "unsuitable and speculative trading" counts solely "on information and belief." Liberty asserts that the Funds' allegations do not satisfy the particularity requirements of Fed.R.Civ.P. 9(b).

The court agrees that these allegations do not meet the pleading requirements of Rule 9(b). Rule 9(b) requires that "all averments of fraud ... be stated with particularity." In describing the circumstances constituting fraud, the plaintiff must set forth "a brief sketch of how the fraudulent scheme operated, when and where it occurred, and the participants." *Ghouth v. Conticommodity Services, Inc.,* 642 F.Supp. 1325, 1331 (N.D.Ill.1986), quoting *Tomera v. Galt,* 511 F.2d 504, 508 (7th Cir.1975). Count II of the Fire Fund Complaint and Count III of the Police Fund Complaint not only are based solely on plaintiffs' "information and belief," but also fail to allege a single instance in which Liberty exercised its allegedly improper influence over Mr. Poder's investment decisions. Consequently, Count II of the Fire Fund Complaint and Count III of the Police Fund Complaint are dismissed. *Accord Board of Trustees v. Poder,* No. 88–3851, slip op. at 6; *Board of Trustees v. Poder,* No. 88–3855. slip op. at 7.

■ Finally, Count II of the Police Fund Complaint asserts a cause of action against Liberty under Rule 10b–5 for "aiding and abetting" Mr. Poder's violation of the federal securities laws. To state a claim for "aiding and abetting" a securities violator, the plaintiff must allege:

1. the existence of a primary violator;
2. that the aider and abetter acted with the same mental state as required for primary liability;
3. that the aider and abetter substantially assisted the violation; and
4. that the assistance was a substantial factor in causing the resulting harm.

*Board of Trustees v. Poder,* No. 88–3851, slip op. at 4. *See also First Interstate Bank of Nevada v. Chapman and Cutler,* 837 F.2d 775, 779 (7th Cir.1988); *Congrega-*

*tion of the Passion v. Kidder Peabody,* 800 F.2d 177, 183 (7th Cir.1986); *Barker v. Henderson, Franklin, Starnes and Holdt,* 797 F.2d 490, 495 (7th Cir.1986).

Applying these factors to Count II of the Police Fund Complaint, it is clear that the Police Fund properly states a claim against Liberty for aiding and abetting Mr. Poder's securities violations. *See Board of Trustees v. Poder,* No. 88–3851, slip op. at 4–5. Mr. Poder obviously is the primary violator. The Police Fund alleges that Liberty acted with reckless disregard of the truth in permitting Mr. Poder to open a trading account and purchase and sell securities on behalf of the Fund. By executing securities transactions at Mr. Poder's direction, Liberty substantially assisted Mr. Poder in violating the securities laws. Finally, Liberty's assistance was a substantial factor in causing the Police Fund's injury because Mr. Poder could not have executed his fraudulent scheme without involving one or more securities brokers. Therefore, Liberty's motion to dismiss Count II of the Police Fund Complaint is denied.

### B. *State Law Claims*

The remaining counts in both Amended Complaints assert state law causes of action. After reviewing the Funds' state law counts, this court concludes that plaintiffs have stated a cause of action against Liberty for common law fraud, negligence, and willful and wanton conduct. In each of these counts, plaintiffs allege that Liberty owed a duty to the Funds, that Liberty breached that duty by failing to disclose Mr. Poder's unauthorized trading activity to the Village or to the Funds' Board of Trustees, and that Liberty's actions caused the Funds monetary losses and consequential damages. These allegations are sufficient to survive Liberty's motion to dismiss.

However, like Judge Marshall in Case No. 88–3851, this court must dismiss the Funds' claims for unjust enrichment. "A claim for unjust enrichment is not an independent cause of action but instead is a remedy for some other substantive wrong-

doing." *Board of Trustees v. Poder,* No. 88–3851, slip op. at 8. *See Charles Hester Enterprises, Inc. v. Illinois Founders Insurance Co.,* 137 Ill.App.3d 84, 91 Ill.Dec. 790, 795–96, 484 N.E.2d 349, 354–55 (1985), *aff'd* 114 Ill.2d 278, 102 Ill.Dec. 306, 499 N.E.2d 1319 (1986). Therefore, Count VI of the Fire Fund Complaint and Count VII of the Police Fund Complaint are dismissed.

In addition, the Fire Fund cannot state a claim against Liberty for dealing with an unauthorized agent. The cause of action the Fire Fund seeks to assert is not recognized in Illinois. Consequently, Count VII of the Fire Fund Complaint is dismissed.

### CONCLUSION

For the reasons stated in this memorandum opinion, Liberty's motion to dismiss the Fire Fund Complaint is GRANTED as to Counts II, VI, and VII and DENIED as to Counts I, III, IV, and V. Liberty's motion to dismiss the Police Fund Complaint is GRANTED as to Counts III and VII and DENIED as to Counts I, II, IV, V, and VI. Case is set for report on status on March 22, 1989 at 10:00 a.m.