(No. 45586.-

DR. GUILO BRUNI, Appellant, v. THE DEPARTMENT OF REGISTRATION AND EDUCATION *et al.,* Appellees.

*Opinion filed Sept. 27, 1974.—Rehearing denied Nov. 26, 1974.*

John M. Bowlus and Russell Woody, of Cotton, Watt, Jones, King & Bowlus, of Chicago, for appellant.

William J. Scott, Attorney General, of Chicago (Paul J. Bargiel, Assistant Attorney General, of counsel), for appellees.

MR. JUSTICE RYAN delivered the opinion of the court:

The defendant Department of Registration and Education, on June 22, 1966, entered an order revoking the certificate of registration of Dr. Giulio Bruni to practice medicine in the State of Illinois. The defendant, pursuant to section 17a of the Medical Practice Act (Ill. Rev. Stat. 1965, ch. 91, par. 16b–2), instituted proceedings under the provisions of the Administrative Review Act (Ill. Rev. Stat. 1965, ch. 110, par. 264 *et seq.*) to review the proceed-

ings of the Department. The circuit court of Cook County reversed the revocation order, directed the Department to renew the plaintiff's license, and enjoined it from interfering with the plaintiff's right to practice medicine. The appellate court, with one justice dissenting, reversed the judgment of the circuit court. (8 Ill. App. 3d 321.) A part of the order of the circuit court not involved in this appeal was affirmed. We granted the plaintiff's petition for leave to appeal.

On April 15, 1965, plaintiff, Dr. Giulio Bruni, who had been licensed to practice medicine in this State since August 27, 1953, was adjudged guilty in the United States District Court for the Eastern District of Wisconsin of the offense of passing counterfeit Federal Reserve notes knowing the same to be falsely made and counterfeit in violation of section 472 of title 18 of the United States Code (18 U.S.C. sec. 472 (1964)). He was sentenced to five years' imprisonment and fined the sum of $10,000.

On May 6, 1965, in the District Court for the Northern District of Illinois, Eastern Division, the plaintiff was convicted of the offense of conspiracy, possession of plates with intent to use such plates in forging and counterfeiting obligations and securities of the United States and keeping in his possession forged and counterfeited obligations of the United States in violation of 18 U.S.C. secs. 471, 472, 474, and 371 (1964). He was sentenced to five years' imprisonment on this conviction. Each section of the United States Code under which the defendant was convicted provides a penalty of a fine or imprisonment for a period exceeding one year or both. These offenses are felonies under the Federal classification of 18 U.S.C. sec. 1. However, under Illinois law an offense punishable by imprisonment in the penitentiary or by fine only, or by imprisonment in the penitentiary and by fine in the discretion of the court, is classified as a misdemeanor. (*People v. Spector,* 28 Ill.2d 554; *People v. Novotny,* 41 Ill.2d 401; Ill. Rev. Stat. 1965, ch. 38, pars.

2–7, 2–11.) The Department of Registration and Education revoked the plaintiff's certificate of registration to practice medicine pursuant to section 16(2) of the Medical Practice Act (Ill. Rev. Stat. 1965, ch. 91, par. 16a(2)), which provides that the Department may revoke a license for "conviction of a felony."

The sole issue before this court is whether the provision of the Medical Practice Act in 1965 authorizing the Department to revoke a license for "conviction of a felony" authorized the Department to revoke the plaintiff's license for conviction of an offense which is made a felony under the Federal scheme of classification. Until the adoption of the Criminal Code of 1961 counterfeiting was a felony under the laws of this State. (Ill. Rev. Stat. 1959, ch. 38, pars. 277, 278, 283, 284.) However, the drafters of the Criminal Code of 1961 omitted all reference to the offense, and counterfeiting is not now a crime in Illinois except insofar as it constitutes a violation of the analogous statutory offense of forgery. The Committee Comments indicate that it was intended to incorporate at least some of the former sections relating to counterfeiting in section 17–3 of the Criminal Code. (S.H.A. ch. 38, sec. 17–3.) This section provided for the discretionary penalty for forgery of a fine not to exceed $1,000 or imprisonment in the penitentiary from 1 to 14 years or both, and the offense was, under Illinois classification, a misdemeanor. The plaintiff contends that the Illinois classification must be applied and thus the crime of which he was convicted was not a felony and his license was wrongfully revoked.

The dissenting justice in the appellate court, finding the offense for which Dr. Bruni was convicted was analogous to the offense of forgery, a misdemeanor under Illinois law (Ill. Rev. Stat. 1965, ch. 38, par. 17–3), was of the opinion that the revocation was not authorized. Though not relevant to this opinion we note that section 17–3 of the Criminal Code was later amended to conform

the penalties to the Unified Code of Corrections (Ill. Rev. Stat. 1973, ch. 38, par. 1001—1—1 *et seq.*), and the offense of forgery is now a Class 3 felony.

However, we need not decide whether the offense of counterfeiting constituted a felony in Illinois in 1965, for accepted principles of statutory construction disclose that the General Assembly intended to include within the cause for revocation for "conviction of a felony" conviction of a crime classified as a felony under Federal law.

Of significance in this case is the request in 1966 by the Director of the Department of Registration and Education to the Attorney General for an opinion as to whether the term "conviction of a felony" as a cause for revocation of a license under the Medical Practice Act included convictions in the Federal court for Federal income tax violations where the penalty provided by Federal law was both fine and imprisonment. The Attorney General in his opinion stated the words "conviction of a felony" standing by themselves and "with no reference to the laws of any other state or the Federal government would seem to require an application for situations wherein an offense was committed under the laws of the State of Illinois." Thus, the opinion of the Attorney General would deny the application of this cause for revocation to convictions in sister States or under Federal law. The Director in his request to the Attorney General stated that "conviction of a felony" was cause for revocation of license under 18 different laws administered by the Department.

At the next session of the General Assembly following the rendition of this opinion by the Attorney General the Medical Practice Act was amended. The "conviction of a felony" cause found in the 1965 statute was changed to read "Conviction in this or another State of any crime which is a felony under the laws of this State or conviction of a felony in a federal court." (Ill. Rev. Stat. 1967, ch. 91, par. 16a(2).) We have not been informed of the 18

different laws referred to by the Director wherein conviction of a felony was a stated cause for revocation of a license, and an exhaustive survey has not been deemed necessary. However, a cursory examination of the 1965 statute and a comparison of certain sections of those found in the 1967 statutes reveal that the "conviction of a felony" cause for revocation of license found in the 1965 statutes was changed to exactly the same language used in the 1967 amendment to the Medical Practice Act in the statutes relating to the licensing of the practice of physical therapy (Ill. Rev. Stat. 1967, ch. 91, par. 22.15(7)); registered and practical nurses (ch. 91, par. 35.46(3)); practice of pharmacy (ch. 91, par. 55.7—6); practice of dentistry (ch. 91, par. 62(12)); practice of chiropody (ch. 91, par. 81(f)); practice of optometry (ch. 91, par. 105.13(a)); practice of veterinary medicine (ch. 91, par. 124.12(2)); architects (ch. 10½, par. 13(g)); professional engineers (ch. 48½, par. 49(3)); public accountants (ch. 110½, par. 44(a)); surveyors (ch. 133, par. 45(a)); funeral directors (ch. 111½, par. 73.10(b)) and embalmers (ch. 111½, par. 73.20(b)).

The principle has been established by this court that in ascertaining the intent of the General Assembly in the construction of a statute where no specific provision appears to aid such construction recourse may be had to the language of subsequent acts of the same law-making body. (*Lubezny v. Ball,* 389 Ill. 263.) And these subsequent acts of the General Assembly may be amendments to the act being construed. (*Modern Dairy Co. v. Department of Revenue,* 413 Ill. 55.) The plaintiff contends, however, that a statutory amendment creates a presumption that it was intended to change the law, citing *Scribner v. Sachs,* 18 Ill.2d 400, and argues that since the 1967 amendment to the Medical Practice Act authorizes revocation of license for conviction of a Federal felony the prior provisions of the Act did not. This presumption is not conclusive, and a subsequent amendment does not neces-

sarily indicate an intention to change the law as it previously existed. As stated in *Scribner:* "It is true that an amendment creates a presumption that it was intended to change the law as it formerly existed, [citations] but this presumption is not necessarily controlling and may be overcome by more persuasive considerations." 18 Ill.2d at 411.

We consider more persuasive than the presumption of intent to change the law the fact that the Director of the Department of Registration and Education requested an opinion of the Attorney General as to the meaning of general language "conviction of a felony" as that term was used in the various acts administered by the Department. The request was followed by the opinion of the Attorney General in interpreting the term narrowly. This was immediately followed at the next session of the General Assembly by amendments to the various acts administered by the Department, inserting in each act the specific language defining the cause for revocation of license, "conviction in this or another state of any crime which is a felony under the laws of this state or conviction of a felony in a Federal court." This court has held that, where a court has construed terms used in an act and the legislature thereafter by amendment defines those terms, the presumption is that the court's construction was not in accord with the original intent of the legislature. (*People ex rel. Spitzer v. County of La Salle,* 20 Ill.2d 18, 28; *Modern Dairy Co. v. Department of Revenue.*) The same reasoning applies to the amendments to the various acts immediately following the requested Attorney General's opinion narrowly defining the term "conviction of a felony."

The weight to be given a subsequent amendment in the construction of a statute and whether it will be held to be a manifestation of an intent to change the law as it previously existed or only a clarification of its terms, of course, must depend upon the circumstances involved. The

circumstances of this case compel us to conclude that the 1967 amendment was a clarification of the meaning of the term "conviction of a felony" and that term as it was contained in the Medical Practice Act in 1965 included conviction of a felony in a Federal court. That portion of the judgment of the appellate court which reversed the judgment of the circuit court of Cook County is affirmed.

*Judgment affirmed.*