LAKE COUNTY BOARD OF REVIEW, Plaintiff-Appellee, v. PROPERTY TAX APPEAL BOARD et al., Defendants-Appellants.

Second District No. 79-330

Opinion filed July 1, 1980.—Rehearing denied August 12, 1980.

William J. Scott, Attorney General, of Chicago (Edward M. Kay, Assistant Attorney General, of counsel), for appellants.

Russell Engber and David J. Pasquesi, both of Highland Park, William J. Duffy, of Lake Forest, Morris Hirsh, of Chicago, Peter J. Nordigian, of Lonchar & Nordigian, and Dennis P. Ryan, State's Attorney, both of Waukegan (William J. Blumthal and Robert J. Masini, Assistant State's Attorneys, of counsel), for appellee.

Mr. PRESIDING JUSTICE SEIDENFELD delivered the opinion of the court:

This appeal presents the question whether a one-year adjusted sales ratio rather than a three-year ratio may properly be applied by the Property Tax Appeal Board (PTAB) in determining the level of assessment of residential property in Lake County for the 1976 tax year.

Seven individual taxpayers filed eight individual appeals with the PTAB challenging their 1976 assessment of residential properties in Lake County. The PTAB held a hearing on each appeal at which both the taxpayers and the Lake County Board of Review (the Board) presented evidence concerning the correct assessment of each property. Thereafter, the PTAB rendered a written decision, in each case, in which it made two findings: (1) the fair market value of each property as of the assessment date and (2) the county median level of assessments based upon a one-year study. Based upon the one-year study the PTAB applied the factor of 28.22% in each case and determined that the 1976 assessment of each property, which had been computed by the assessor and by the Board based on the three-year adjusted sales ratio at 32.33%, was incorrect.

The Board sought administrative review of each decision and the circuit court reversed the findings of the PTAB. The PTAB has appealed.

It is not disputed that the PTAB has authority to establish an informal procedure for the hearing of appeals. (Ill. Rev. Stat. 1977, ch. 120, par. 592.2.) Pursuant to this authority it promulgated its Rule 4D:

"The decisions of the Property Tax Appeal Board will be based on equity and the weight of the evidence. The county median level of assessments will be considered where sufficient probative evidence is presented indicating the estimate of full market value of the subject property on the relevant real property assessment date of January 1 or personal property assessment date of April 1."

The PTAB argues that under this rule it is authorized to base its finding as to the county median level of assessments upon a single-year adjusted

sales ratio study for the most recent single year preceding the assessment year. It further argues that while the Board is required to apply a three-year adjusted sales ratio in determining a county median level assessment for equalization of assessment purposes the function of the PTAB is quasi-judicial and that its primary function is to see that each case is decided correctly based upon equity and the weight of the evidence. (Ill. Rev. Stat. 1977, ch. 120, par. 592.4.) Of course, the PTAB is limited in its determination of "equity" by the language and interpretation of the Revenue Act, which it is bound to apply.

The Board responds that Rule 4D as interpreted by the PTAB to authorize a one-year sales ratio basis contravenes statutory provisions which require a three-year sales ratio to be used in computing the county median level of assessment. (Ill. Rev. Stat. 1977, ch. 120, par. 482(24).) This portion of the Revenue Act defines 33 1/3% as the percentage of actual market value at which property may be assessed "as determined by the Department's assessment to sales ratio studies for the 3 most recent years preceding the assessment year, adjusted to take into account any changes in assessment levels implemented since the data for such studies were collected." The Board argues that both it and the PTAB are bound by the three-year sales ratio study, since both are assessing bodies.

■■ We agree that the PTAB has the primary duty to apply equitable principles in approaching uniformity of taxation in the cases before it. We do not agree, however, that this mandates the application of a one-year standard. We do not read Rule 4D as requiring that the PTAB must base its decision on the most recent single year preceding the assessment, but merely that it is authorized to apply the one-year basis if this is necessary in order to do equity.[1]

It is, of course, true that the local assessor must apply the three-year standard in making the original assessment (Ill. Rev. Stat. 1977, ch. 120, par. 501, referencing par. 482(24)); that the three-year basis is used in applying the multiplier to equalize the assessment to achieve 33 1/3% of fair market value (Ill. Rev. Stat. 1977, ch. 120, par. 589.1); and that the Department of Local Government Affairs must raise or lower the assessment throughout the county by the application of a county

---

[1] At a date subsequent to the determination by the trial court in this case the legislature amended section 111.2 of the Revenue Act of 1939, adding the procedural provision that the PTAB "may use a one-year assessment level to be based on the relevant sales during the previous year." (Ill. Rev. Stat. 1979, ch. 120, par. 592.2.) We reject the argument of the PTAB that this authorizes use of the one-year level as the standard to be applied in the cases before us on the theory of construction that the legislature merely clarified the law in response to the decision of the trial court in this case. There is little basis in the circumstances for applying this rule of construction (see *Bruni v. Department of Registration & Education* (1974), 59 Ill. 2d 6, 12), as opposed to the rule of construction affording a presumption that an amendment generally shows a legislative intent to change established law. See *Bruni*, at 11-12; see also *Board of Education v. Cronin* (1979), 69 Ill. App. 3d 652, 657.

multiplier to make the assessment equal to 33 1/3% as defined by a three-year study (Ill. Rev. Stat. 1977, ch. 120, par. 627. See also *Hamer v. Kirk* (1976), 65 Ill. 2d 211, 220.) It would follow, as the Board reasons, that the use of other than a three-year standard would result in appealing taxpayers being assessed according to a different process than those not appealing. While this argument is of some persuasion, we do not conclude that a three-year study is mandated, considering the quasi-judicial function of the PTAB to make its decision "upon equity and the weight of the evidence." (Par. 592.4.) It may conceivably be that in any particular case because of the vagaries of market movements the application of the one-year study will achieve the most equitable result; while in other circumstances equity would be best done by using a three-year study.

There are particular circumstances in these cases which lead us to conclude, however, that the decision of the PTAB was not in accordance with the statutory mandate to base its decision on equity and the weight of the evidence. The contested assessments occurred in 1976. When the use of the 33 1/3% assessment level went into effect the State received a three-year grace period to ease the strains of switching from the previous 50% figure to the 33 1/3% figure for the years 1975, 1976 and 1977. (See Ill. Rev. Stat. 1977, ch. 120, par. 627. See also *Hamer v. Kirk* (1976), 65 Ill. 2d 211, 219, and *Hamer v. Lehnhausen* (1975), 60 Ill. 2d 400, 409.) Pursuant to the mandate of *Hamer v. Lehnhausen* on remand the record before us reveals that a "target assessment level has been determined by [the Department of Local Government Affairs] to be 32.33%" as determined on the basis of a three-year adjusted sales ratio study. (See order entered July 13, 1976, in the Circuit Court of Lake County in General No. 68 MR 4318.) While, of course, this figure is not binding on the PTAB since it was not a part of the Hamer-Lehnhausen litigation, it illustrates the real world in Lake County. Contrasting the 28.22% level assessment found by the PTAB based on a one-year study with the 32.33% based on the three-year study, the result is that only the appealing taxpayers are given the benefit of the lower assessment as determined by the PTAB.

■■ Under the particular circumstances present in Lake County in the period 1975-1977, and considering that the assessment in question falls in the middle of the transitional period, it appears to us to be inequitable to apply a one-year study. The application of the three-year study period in this particular factual setting, on the other hand, would be more equitable and would have the further advantage of resulting in all taxpayers being assessed on a similar basis.

We therefore affirm the judgment of the trial court.

Affirmed.

NASH and WOODWARD, JJ., concur.