Grazyna **MADUFF**, Plaintiff,

v.

**LIFE INSURANCE COMPANY OF VIRGINIA,** Defendant.

No. 86 C 9826.

United States District Court, N.D. Illinois, E.D.

April 7, 1987.

---

Martin C. Ashman, Martin C. Ashman, Ltd., Chicago, Ill., for plaintiff.

J.L. Donnelly, L.T. Hettinger, Boodell, Sears, Giambalvo & Crowley, Chicago, Ill., for defendant.

## MEMORANDUM ORDER

BUA, District Judge.

This order concerns defendant's motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. For the reasons stated herein, defendant's motion to dismiss is granted in part and denied in part.

## I. FACTS

On July 8, 1985, defendant Life Insurance Company of Virginia executed and delivered to Sydney L. Maduff a life insurance policy under which defendant agreed to pay two million dollars to plaintiff Grazyna Maduff, wife of the insured, upon the insured's death. On October 4, 1986, Sydney L. Maduff died while the life insurance policy was still in effect. Plaintiff, the named beneficiary of the policy, demanded payment from defendant of the two million dollars for which her husband's life was insured. However, to date, defendant has not paid any sum to plaintiff.

On December 18, 1986, plaintiff filed this action alleging two counts. Count I alleges that defendant breached the insurance contract by its failure to pay. Under this count, plaintiff requests relief in the amount of two million dollars plus interest, plus reasonable attorneys' fees and other costs recoverable under § 155 of the Illinois Insurance Code, Ill.Rev.Stat. ch. 73, § 767. Count II alleges that defendant fraudulently made a false promise in violation of § 2 of the Illinois Consumer Fraud and Deceptive Business Practices Act, Ill.

Rev.Stat., ch. 121½, § 261 et seq. This court has jurisdiction over this action under 28 U.S.C. § 1332 in that the parties are residents of different states and the amount in controversy exceeds $10,000.

## II. DISCUSSION

Defendant's motion to dismiss challenges both counts of the complaint. Defendant first argues that the allegations in Count I are an insufficient basis, as a matter of law, on which to grant plaintiff's request for attorneys' fees and other sums recoverable under § 155 of the Illinois Insurance Code. Section 155 provides:

> In any action by or against a company wherein there is in issue the liability of a company on a policy or policies of insurance or the amount of loss payable thereunder, or for an unreasonable delay in settling a claim, and it appears to the court that such action or delay is vexatious and unreasonable, the court may allow as part of the taxable costs in the action reasonable attorney fees, other costs, plus an amount not to exceed any one of the following amounts:
>
> (a) 25 percent of the amount which the court or jury finds such party is entitled to recover against the company, exclusive of all costs;
>
> (b) $25,000;
>
> (c) the excess of the amount which the court or jury finds such party is entitled to recover, exclusive of costs, over the amount, if any, which the company offered to pay in settlement of the claim prior to the action.

The complaint alleges that defendant's delay in paying out the proceeds of the policy, consisting of the two and one-half month period between the insured's death and the commencement of this action, is vexatious and unreasonable. Defendant maintains that plaintiff fails to allege any specific unreasonable or vexatious conduct by defendant and that a two and one-half month delay, by itself, is not unreasonable and vexatious conduct as a matter of law. Defendant asserts that where, as here, the insured died within the contestable period of the policy, such delay is routine and necessary because it enables defendant to investigate the representations made by the insured to determine if they are accurate.

The totality of circumstances, not any single factor, determine whether an insurer has acted vexatiously or unreasonably in processing a claim. *Deverman v. Country Mutual Insurance Co.*, 56 Ill. App.3d 122, 14 Ill.Dec. 94, 96, 371 N.E.2d 1147, 1149 (4th Dist.1977). *See Fassola v. Montgomery Ward Insurance Co.*, 104 Ill. App.3d 825, 60 Ill.Dec. 581, 586, 433 N.E.2d 378, 383 (3d Dist.1982); *Crest v. State Farm Mutual Automobile Insurance Co.*, 20 Ill.App.3d 382, 313 N.E.2d 679, 684 (2d Dist.1974). Thus, although a two and one-half month delay may not be vexatious or unreasonable in most instances, circumstances may exist where such delay can be vexatious and unreasonable. Defendant argues that where an insurer has any basis for denying payment of a claim, the insured or beneficiary cannot maintain an action under § 155 of the Illinois Insurance Code. However, defendant has not shown any circumstances which justify its failure to pay the policy proceeds to plaintiff. Defendant's desire to investigate plaintiff's insurance claim, absent a contractual provision allowing for such investigation, does not necessarily bring defendant's failure to pay outside the scope of vexatious and unreasonable conduct. Moreover, the delay in payment in the instant case now approaches six months. This court cannot rule as a matter of law that a six-month delay can never be vexatious and unreasonable. Therefore, the allegations in the complaint, when viewed in the light most favorable to plaintiff, are not insufficient as a matter of law to constitute a claim of unreasonable and vexatious delay. Accordingly, defendant's motion to dismiss is denied with respect to Count I.

Defendant also claims that Count II of the complaint fails to sufficiently allege a claim of deceptive business practices within the meaning of § 2 of the Consumer Fraud and Deceptive Business Practices Act ("the Act"), Ill.Rev.Stat., ch. 121½, § 261 et seq. Specifically, defendant asserts that

the Act requires an injury to the public or an effect on consumers generally before liability will be imposed. Thus, defendant argues, the Act does not apply to the isolated breach of contract or purely private wrong present in this case. Plaintiff, on the other hand, contends that the Act is available to redress purely private wrongs and that no public harm need be alleged.

■ As a preliminary matter, it should be noted that insureds are clearly consumers within the protection of the Act. *Fox v. Industrial Casualty Insurance Co.*, 98 Ill. App.3d 543, 54 Ill.Dec. 89, 92, 424 N.E.2d 839, 842 (1981). However, courts have disagreed as to whether a consumer must allege a public injury or a general effect on consumers in order to recover under the Act. One line of Illinois appellate court cases holds that a single act of deceptive business practice against one plaintiff is sufficient to impose liability under the Act. *See Duncavage v. Allen*, 147 Ill.App.3d 88, 100 Ill.Dec. 455, 463, 497 N.E.2d 433, 441 (1st Dist.1986); *Warren v. LeMay*, 142 Ill. App.3d 550, 96 Ill.Dec. 418, 428–29, 491 N.E.2d 464, 474–75 (5th Dist.1986); *Tague v. Molitor Motor Co.*, 139 Ill.App.3d 313, 93 Ill.Dec. 769, 770, 487 N.E.2d 436, 437 (5th Dist.1985); *M & W Gear Company v. A W Dynamometer, Inc.*, 97 Ill.App.3d 904, 53 Ill.Dec. 721, 730, 424 N.E.2d 356, 365 (4th Dist.1981). A different line of cases holds that liability can be imposed under the Act only where public injury or an effect on consumers generally is alleged. *See Horsell Graphic Industries, Ltd. v. Valuation Counselors, Inc.*, 639 F.Supp. 1117, 1122 (N.D.Ill.1986); *Heritage Insurance Co. of America v. First National Bank of Cicero*, 629 F.Supp. 1412, 1419 (N.D.Ill.1986); *UNR Industries, Inc. v. Continental Insurance Co.*, 623 F.Supp. 1319, 1331 (N.D. Ill.1985); *Newman-Green, Inc. v. Alfonzo-Larrain*, 590 F.Supp. 1083, 87 (N.D.Ill. 1984); *Evanston Motor Company v. Mid-Southern Toyota Distributors, Inc.*, 436 F.Supp. 1370, 1374 (N.D.Ill.1977); *Frahm v. Urkovich*, 113 Ill.App.3d 580, 69 Ill.Dec. 572, 576, 447 N.E.2d 1007, 1011 (1st Dist. 1983); *Exchange National Bank v. Farm Bureau Life Insurance Co. of Michigan*, 108 Ill.App.3d 212, 63 Ill.Dec. 884, 887, 438 N.E.2d 1247, 1250 (3d Dist.1982).

In determining the law on this issue, this court is bound by the doctrine set forth in *Erie Railroad Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), under which a federal district court sitting in a diversity action must follow the "predictive approach" by applying the law that the supreme court of the state would apply. *McKenna v. Ortho Pharmaceutical Corp.*, 622 F.2d 657, 661 (3d Cir.1980), *cert. denied*, 449 U.S. 976, 101 S.Ct. 387, 66 L.Ed.2d 237 (1980). Thus, in the instant diversity action, this court must apply the law that the Illinois Supreme Court would apply.

This court finds that the view which requires a public injury or effect on consumers generally to impose liability under the Act is the rational position which the Supreme Court of Illinois would adopt on this issue. Particularly persuasive is the appellate court's reasoning in *Exchange National Bank, supra*, in which the court stated:

> Every individual breach of contract between two parties does not amount to a cause of action cognizable under the Act. If it did, common law breach of contract actions would be supplemented in every case with an additional and redundant remedy. Such is not the intention of the Consumer Fraud Act.

63 Ill.Dec. 887, 438 N.E.2d at 1250. *See also Newman-Green, supra*, 590 F.Supp. at 1085 and *Heritage, supra*, 629 F.Supp. at 1419 (noting that were public injury not required under the Act, Illinois common law of fraud and contracts would effectively be supplanted by the Act).

In the instant case, plaintiff has not alleged any public injury or general effect on consumers. Plaintiff has only alleged an isolated breach of contract, a private wrong. These allegations cannot sustain a cause of action under the Illinois Consumer Fraud and Deceptive Business Practices Act. Accordingly, defendant's motion to dismiss is granted with respect to Count II.

## III. CONCLUSION

For the foregoing reasons, defendant's motion to dismiss is denied with respect to

Count I and granted with respect to Count
II.

IT IS SO ORDERED.