**HOMETOWN SAVINGS & LOAN ASSOCIATION, F.A., Plaintiff,**

v.

**MOSELEY SECURITIES CORPORATION, Defendant.**

No. 88 C 3317.

United States District Court, N.D. Illinois, E.D.

Dec. 29, 1988.

John B. Lashbrook, Pope, Ballard, Shepard & Fowle, Ltd., Chicago, Ill., Cynthia Johnson, William E. Kelly, Gregory W. Beihl, Chicago, Ill., for plaintiff.

Edwin J. Hull, III, David E. Huguelet, Mark J. Seplak, Raymond P. Fabricius, Goggin, Cutler & Hull, Jennifer Craigmile Neubauer, Chicago, Ill., for defendant.

## ORDER

NORGLE, District Judge.

Before the court is defendant's motion to dismiss Counts I and IV of the Amended Complaint for failure to state a claim upon which relief can be granted. *See* Fed.R. Civ.P. 12(b)(6). For the following reasons, the motion is denied.

Plaintiff Hometown Savings and Loan Association, F.A. ("Hometown") is a federally chartered savings and loan association located in Winfield, Illinois. Defendant Moseley Securities Corporation ("Moseley") is a Delaware corporation with its principal place of business in New York, New York. This action grows out of a number of allegedly unauthorized securities transactions executed by Moseley for the account of Hometown. The transactions were directed by Dennis Grzyb, the president of a Hometown subsidiary, First Home Financial Corporation. Plaintiff alleges that Grzyb had no authority to act for Hometown, and that Moseley wrongfully followed Grzyb's directives, executing a number of transactions which resulted in losses for Hometown.

Hometown brings this action alleging that Moseley's complicity with Grzyb constitutes fraud in connection with the purchase and sale of securities in violation of Securities Commission Rule 10b–5 (Count I), negligence (Count II), dealing with an unauthorized agent (Count III), and fraud in violation of the Illinois Consumer Act (Count IV). Moseley moves to dismiss Counts I and IV.

On a motion to dismiss, the allegations of the complaint as well as the reasonable inferences to be drawn from them are taken as true. *Doe v. St. Joseph's Hosp.*, 788 F.2d 411 (7th Cir.1986). The plaintiff need not set out in detail the facts upon which a claim is based, but must allege sufficient facts to outline the cause of action. *Id.*

The complaint must state either direct or inferential allegations concerning all of the material elements necessary for recovery under the relevant legal theory. *Mescall v. Burrus*, 603 F.2d 1266 (7th Cir.1979). The court is not required to accept legal conclusions either alleged or inferred from pleaded facts. *Carl Sandburg Village Condominium Ass'n No. 1 v. First Condominium Development Co.*, 758 F.2d 203, 207 (7th Cir.1985). Dismissal under Rule 12(b)(6) is improper unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Papapetropoulous v. Milwaukee Transport Services, Inc.*, 795 F.2d 591, 594 (7th Cir.1986).

*Count I*

Defendant argues that the Amended Complaint fails to state a claim under Security Commission Rule 10b–5. *See* Securities and Exchange Act of 1934, § 10(b), 15 U.S.C. § 78j(b), 17 C.F.R. § 240.10b–5. Defendant argues plaintiff fails to allege materiality, misrepresentations made in connection with the purchase or sale of any security, reliance and causation, scienter, and specific damages. The court will address each of these arguments in turn.

Defendant argues plaintiff fails to allege materiality. "An omission or misstatement is material if a substantial likelihood exists that a reasonable investor would find the omitted or misstated fact significant in deciding whether to buy or sell a security." *Rowe v. Maremont Corp.*, 850 F.2d 1226, 1233 (7th Cir.1988). Here, the relevant omission alleged is the failure to inform the investor that defendant was making purchases and sales. No omission could be more material than that. Therefore, the "materiality" requirement is met.

Defendant next argues that the omission was not "in connection with" the purchase or sale of a security. Defendant points out that making misrepresentations to induce a customer to open a brokerage account does not constitute a violation of Rule 10b–5. *Capalbo v. PaineWebber*, 694 F.Supp. 1315, 1319 (N.D.Ill.1988); *Cruse v. Equitable Securities of New York, Inc.*, 678

F.Supp. 1023 (S.D.N.Y.1987). The reason for this rule is that opening an account is not itself a purchase or sale of a particular security. *Capalbo*, 694 F.Supp. at 1319. In this case, however, defendant is charged with more than mere inducement to open an account. Defendant is charged with making purchases and sales of specific securities on Hometown's behalf without Hometown's authorization. Plaintiff has attached as "Exhibit A" a list of particular purchases and sales of securities, each of which was allegedly unauthorized. Thus, the alleged omissions meet the "in connection with" requirement.

Defendant argues that because plaintiff does not allege that Hometown would have severed the Grzyb/Moseley relationship had it known of it, plaintiff fails to allege reliance and causation. However, the Seventh Circuit has recently clarified the reliance and causation standard. A plaintiff "relies" on an omission if "the plaintiff's belief in the defendant's misstatement or omission played a substantial part in the plaintiff's investment decision." *Rowe*, 850 F.2d at 1233. An investor would generally assume that it is not making purchases and sales of which it is unaware. Thus, plaintiff's "belief in the defendant's omission" here was a belief that it was making no purchase or sale. Plaintiff's "investment decision" in this case was to "decide" to refrain from instructing defendant not to purchase and sell the securities itemized in Exhibit A. Certainly the belief played a substantial part in the decision; the lack of knowledge that transactions were being made prevented plaintiff from intelligently deciding whether to allow those transactions.

The Seventh Circuit also stated that "in face-to-face transactions involving only material omissions, a plaintiff need not prove reliance; the omission's materiality and the defendant's duty to disclose supply the requisite causation." *Rowe*, 850 F.2d at 1233 n. 4. Likewise, the Supreme Court has stated that in a case "involving primarily a failure to disclose, positive proof of reliance is not a prerequisite to recovery. All that is necessary is that the facts withheld be material in the sense that a reasonable investor might have considered them important in the making of this decision." *Affiliated Ute Citizens of Utah v. United States*, 406 U.S. 128, 153–54, 92 S.Ct. 1456, 1472, 31 L.Ed.2d 741. (1972). Thus, plaintiff meets the causation requirement by alleging reliance, or in the alternative, by alleging materiality. Plaintiff need not allege that it would not have purchased and sold the securities but for the omissions. One reason for this is the difficulty of knowing or proving what one would have done had circumstances been different.

Defendant next claims that plaintiff fails to allege scienter. To meet the scienter requirement, a plaintiff must allege that the defendant acted in a deceptive or manipulative manner. *Sante Fe Industries, Inc. v. Green*, 430 U.S. 462, 473–74, 97 S.Ct. 1292, 1301, 51 L.Ed.2d 480 (1977). The Amended Complaint alleges on information and belief that defendant concealed the existence of the challenged account from plaintiff, and "knew or acted in reckless disregard of the fact that Grzyb had no authority to invest Hometown assets through an account with Moseley." Amended Complaint ¶¶ 4, 7.

Defendant argues that plaintiff must allege facts to support its belief that defendant acted with scienter. *See* Fed.R.Civ.P. 9(b). A plaintiff must plead the circumstances constituting fraud with particularity; he or she may not allege fraud generally, but must specify (but not prove) facts which, if true, support the claim of fraud. *Id.* Plaintiff meets this requirement by alleging specific transactions and specific material omissions regarding those transactions. However, Rule 9(b) does not require that a plaintiff plead facts to support its conclusion that a defendant acted with knowledge. "Malice, intent, knowledge, and other condition of mind of a person may be averred generally." *Id.; see also Duane v. Altenburg*, 297 F.2d 515 (7th Cir.1962) (pleading on information and belief is permissible in fraud cases as to matters peculiarly within the adverse party's knowledge). Thus the Amended Complaint satisfies the scienter requirement.

Finally, defendant argues that Rule 9(b) requires plaintiff to plead damages with particularity. Defendant cites one case to support this proposition. *See In re National Student Marketing Litigation,* 413 F.Supp. 1156, 1157 (D.C.1976) (dictum) (particularity requirement includes "what was obtained" by the misrepresentations), *citing* 5 Wright and Miller, *Federal Practice and Procedure,* § 1297 (1969 ed.); and 2A *Moore's Federal Practice,* ¶ 9.03 (1975). Plaintiff cites no case contrary to this persuasive authority, and the court knows of no other case dealing with the issue.

The court is uncertain of what the "what was obtained by the misrepresentations" requirement stated in *In re National Student Marketing Litigation* refers to; the requirement is merely part of a list of requirements stated by the court, and that particular requirement was not at issue in that case, receiving no further discussion. Literally construed, as applied to this case, it could be satisfied by plaintiff's allegation that defendant "obtained" the particular investments listed in Exhibit A. In other words, the court may not have been articulating a requirement that damage amounts be pled with particularity in fraud cases.

If the court in *National Student Marketing* was articulating such a standard, this court rejects that standard. The plain language of Rule 9(b) requires a plaintiff in a fraud case to plead the circumstances of the fraud with particularity, not the impact of the fraud or the events occurring as a result of the fraud. Because Rule 9(b) does not apply to a damages claim in a fraud action, the general pleading rules apply. *See* Fed.R.Civ.P. 8(a)(3). Plaintiff has clearly met that requirement. The Amended Complaint contains a "demand for judgment for the relief the pleader seeks." *Id.* Consequently, the Amended Complaint sufficiently states a claim under Rule 10b–5.

*Count IV*

██ Count IV alleges violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, III.Rev.Stat. ch. 121–½, §§ 262 *et seq.* (1987) ("Act"). In essence, plaintiff alleges that defendant fraudulently mishandled plaintiff's funds. Defendant argues that one instance of one business defrauding another does not create liability under the Act. As a federal court interpreting Illinois, law, this court must apply the state law as it would be applied by the Illinois Supreme Court; intermediate appellate court cases are useful but not binding evidence of what the Illinois Supreme Court would do in a similar case. *Green v. J.C. Penney Auto Ins. Co.,* 806 F.2d 759, 761 (7th Cir.1986).

There is a split of authority among the Illinois appellate courts as to whether a plaintiff must allege a public injury or a general effect on consumers in order to recover under the Act. *Graphic Sales, Inc. v. Sperry Univac Div.,* 824 F.2d 576, 581 n. 4 (7th Cir.1987). The Illinois Supreme Court apparently has not addressed the issue. A number of federal courts in this district have addressed the issue. Apparently, all but one have found a requirement of public injury or a general effect on consumers. *See, e.g., Maduff v. Life Ins. Co. of Virginia,* 657 F.Supp. 437, 439–440 (N.D.Ill.1987) (finding a requirement, and citing numerous cases addressing the issue), *c.f. Haroco Inc. v. American National Bank and Trust Co.,* 647 F.Supp. 1026, 1034–35 (N.D.Ill.1986) (finding no such requirement).

The plain language of the statute dictates that no public injury or general effect on consumers is necessary to bring an action within the purview of the Act. Section 2 of the Act articulates which practices are unlawful under the Act: "unfair methods of competition and unfair or deceptive acts or practices including ... deception, fraud ... or the concealment, suppression or omission of any material fact, with the intent that others rely [thereupon]." Section 10a of the Act states that "*Any* person who suffers damage as a result of *a* violation of this Act committed by *any* other person may bring an action against such person." (emphasis added). As explained in the discussion of Count I, plaintiff alleges damages resulting from fraudulent omission of material facts. Thus, the plain

meaning of the statute allows plaintiff to bring an action under the Act.

The cases finding a requirement of a public injury or harm to consumers generally in essence find that the Illinois legislature probably did not mean for the Act to be as broad as the plain language of the statute would indicate. For example, the court in *Maduff* states "the view which requires a public injury or effect on consumers generally ... is the rational position which the Supreme Court of Illinois would adopt," because the absence of such a requirement would mean that Illinois Common Law of fraud and contracts would effectively be supplanted by the Act. *Maduff*, 657 F.Supp. at 440.

This reasoning is similar to the reasoning rejected by the United States Supreme Court in *Sedima, S.P.R.L. v. Imrex*, 473 U.S. 479, 493–500, 105 S.Ct. 3275, 3283–87, 87 L.Ed.2d 346 (1985). In *Sedima*, the Court rejected the attempt of the Second Circuit to limit the scope of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961 *et seq.* ("RICO") to its original primary purpose rather than extending it to the limits indicated by the language of the statute. RICO is in many ways similar to the Act. Its language broadly prohibits patterns of fraudulent activity, although the impetus toward its enactment was a desire to strike at organized crime. The Second Circuit stated "we find it impossible to believe that in enacting RICO, Congress intended to sweep all ordinary injuries occasioned by predicate criminal acts within the dragnet of the treble damages remedy." *Sedima*, 741 F.2d 482, 503 (2nd Cir.1984), *rev'd*, *Sedima*, 473 U.S. 479, 105 S.Ct. 3275. However, the Supreme Court rejected that analysis because the language of the statute indicated the contrary.

This court will follow the reasoning of the United States Supreme Court in *Sedima*. The language of the Act indicates that plaintiff adequately states a claim under it. This court declines to read into the Act a limitation based on what would arguably have been a more sensible version of the Act, given the purpose of its enactment. In particular, any interpretation of an Illinois statute contrary to the direct and plain language of the statute should be left to the Illinois courts.

 In the alternative, the court finds that even if the Act does contain a "public injury" requirement, such an injury exists here. Plaintiff alleges that defendant, a broker/dealer, knowingly misused the investment funds of a financial institution. The well-being of such institutions is certainly in the public interest.

In sum, the motion to dismiss Counts I and IV is denied.

IT IS SO ORDERED.