ROYAL IMPERIAL GROUP, INC., Plaintiff-Appellant, v. JOSEPH BLUMBERG AND ASSOCIATES, INC., Defendant-Appellee.

First District (5th Division)   No. 1—92—1266

Opinion filed December 11, 1992.

---

Alan O. Amos & Associates, P.C., of Chicago (Alan O. Amos and Marilyn Martin, of counsel), for appellant.

Tribler & Orpett, P.C., of Chicago (Mitchell A. Orpett and Steven R. McMannon, of counsel), for appellee.

JUSTICE MURRAY delivered the opinion of the court:

Plaintiff, Royal Imperial Group, Inc. (Royal Imperial), filed a four-count amended complaint against defendant Joseph Blumberg & Associates, Inc. (Blumberg). The trial court dismissed count IV of the amended complaint. Royal Imperial appeals from that dismissal.

On December 31, 1990, Royal Imperial filed a one-count breach of contract complaint against the defendant. The complaint alleged that Royal Imperial, an Illinois corporation engaged in the business of operating retirement residences, nursing homes, and other health facilities, had for some years engaged Blumberg, an Illinois corporation engaged in the business of insurance brokerage, to obtain insurance coverage on plaintiff's retirement apartments and health care facilities. Royal Imperial alleged that defendant held itself out and represented itself to the plaintiff to be an experienced insurance broker able to obtain insurance coverage on retirement apartments and health care facilities operated by plaintiff at a cost to plaintiff equal to or less than available to plaintiff through other insurance brokers. Royal Imperial asserted that in reliance upon Blumberg's representations, plaintiff did engage defendant to obtain its insurance coverage. More specifically, Royal Imperial asserted that in mid-1989 it engaged defendant to procure for it insurance coverage for the annual period commencing December 1, 1989, and ending November 30, 1990. Further, in late November 1989 Blumberg advised Royal Imperial concerning the cost of specified insurance and in December of 1989 Royal Imperial learned that similar coverage with comparable carriers was available at premiums substantially less than those obtained by Blumberg. Royal Imperial then directed defendant to terminate the coverage placed by it effective December 31, 1989, and requested a credit against the annual premiums equal to the unearned portion.

Blumberg's motion to dismiss this original complaint was denied. Subsequently, Royal Imperial filed an amended complaint adding additional counts for breach of fiduciary duty, negligent misrepresentation and consumer fraud. Count IV alleged that Blumberg provides a service governed by the Consumer Fraud and Deceptive Business Practices Act (Consumer Fraud Act) (Ill. Rev. Stat. 1973, ch. 121½, par. 261 et seq.) and that Royal Imperial, as a purchaser of insurance from Blumberg, is a consumer protected by the Consumer Fraud Act. Count IV further asserted that Blumberg's misrepresentation as to the lowest possible cost of insurance was made with the intent that Royal Imperial would rely on said misrepresentation in procuring insurance through defendant's brokerage, that Royal Imperial would

have purchased lower cost insurance through defendant's brokerage had plaintiff been made aware of its availability, and that Blumberg's misrepresentation as to the lowest possible cost of insurance and failure to advise Royal Imperial of less expensive comparable insurance is an aspect of the insurance trade affecting consumers generally in Illinois.

On August 21, 1991, Blumberg filed an answer to the amended complaint. On December 11, 1991, count III of the amended complaint was stricken and dismissed by an agreed order. On December 24, 1991, Blumberg filed a motion for leave to withdraw answer to count IV of the amended complaint and to file motion to dismiss in lieu thereof. Blumberg's motion alleged that the Consumer Fraud Act is not intended to address purely private wrongs and that the legislature's amendment of the Act effective January 1, 1990, to state that proof of public injury or effect on consumers is not required to state a claim should not be applied retroactively to this case. On January 10, 1992, the trial court granted Blumberg leave to withdraw its answer to count IV and to seek dismissal of that count.

Royal Imperial filed a memorandum in opposition to defendant's motion to dismiss, asserting that the amendment should be regarded as a legislative clarification or interpretation of the original statute.

On March 11, 1992, the trial court sustained Blumberg's motion and dismissed count IV of the amended complaint. Royal Imperial filed this timely appeal. Jurisdiction is vested in this court by virtue of the trial court's finding that there was no just reason to delay enforcement or appeal of the order of dismissal. See 134 Ill. 2d R. 304(a).

The sole issue presented for review is whether the Illinois legislature's 1990 amendment of the Consumer Fraud Act merely clarified the intent of the Act and may be applied retroactively in the instant case or whether the amendment must be applied prospectively.

■ On January 1, 1990, an amendment to the Illinois Consumer Fraud Act became effective which provided: "Proof of a public injury, a pattern, or an effect on consumers generally shall not be required." (Ill. Rev. Stat. 1991, ch. 121½, par. 270a(a).) The amendment, House Bill 612, was passed by the legislature prior to July 1, 1989, and was signed by Governor Thompson on September 7, 1989. Since the amendment was passed prior to July 1, 1989, and did not provide specifically for an effective date, it became effective on January 1, 1990. See Ill. Rev. Stat. 1989, ch. 1, par. 1201; Pub. Act 86–801, eff. Jan. 1, 1990 (House Bill 612); Ill. Rev. Stat. 1989, ch. 121½, par. 270a(a).

■ The crucial date for determining the applicability of a statute is not when the rights are asserted by filing a complaint, but rather when the cause of action accrues. (*Zielnik v. Loyal Order of Moose, Lodge No. 265* (1988), 174 Ill. App. 3d 409, 411, 528 N.E.2d 384, 386.) The alleged wrongdoing in this case occurred during November or December 1989, prior to January 1, 1990, the effective date of the amendment. The amendment does not specify whether it is to be applied retroactively to a cause of action which arose before January 1, 1990.

Royal Imperial argues that the 1990 amendment merely clarified existing law. Royal Imperial cites various conflicting opinions by the Illinois Appellate Court on this issue. Blumberg argues that there was a complete change in the law and that the amendment should not be applied retroactively.

For the following reasons, we must reverse the decision of the trial court.

■ Generally, a statute will be deemed to operate prospectively and will not be given a retroactive effect unless the language of the statute is clear in requiring it. (*Board of Trustees of Community College District No. 508 v. Burris* (1987), 118 Ill. 2d 465, 476, 515 N.E.2d 1244, 1249.) However, this rule is not without exceptions. The presumption of prospectivity can be rebutted by demonstrating that the amendment merely affects procedural matters. (*Ores v. Kennedy* (1991), 218 Ill. App. 3d 866, 871, 578 N.E.2d 1139.) "A procedural change in law generally prescribes methods of enforcing rights and embraces pleading, evidence and practice, *i.e.*, legal rules which direct the means to bring parties into court or the manner in which the court process shall proceed." (*Ores*, 218 Ill. App. 3d at 871.) A substantive change in law establishes, creates, defines or regulates rights and practice. (*Ores*, 218 Ill. App. 3d at 871.) A rule must be considered substantive where it "makes one a party to a suit," whereas, a rule must be considered procedural where it merely facilitates suit against a party. (*Rivard v. Chicago Fire Fighters Union, Local No. 2* (1988), 122 Ill. 2d 303, 311, 522 N.E.2d 1195.) When a change of law affects procedural rights it will be given retroactive effect absent a savings clause as to existing litigation. (*Maiter v. Chicago Board of Education* (1980), 82 Ill. 2d 373, 415 N.E.2d 1034.) However, changes in procedure will not be applied retrospectively where a vested constitutionally protected right will be deprived by such application. *Maiter*, 82 Ill. 2d at 390-91.

■ Another exception to the presumption favoring only prospective application of an amendatory act exists when an amendment

merely clarifies existing law. In that instance, the amendment will be applied retroactively. *Falato v. Teachers' Retirement Systems* (1991), 209 Ill. App. 3d 419, 424, 568 N.E.2d 233, 237.

It is clear that prior to the amendment, Illinois courts have been split over whether a violation of the Consumer Fraud Act required proof of public injury or injury to consumers generally. In *Duncavage v. Allen* (1986), 147 Ill. App. 3d 88, 497 N.E.2d 433, the court held that a victim of a violation of the Illinois Consumer Fraud Act did not have to assert a public injury. In *Beaton & Associates, Ltd. v. Joslyn Manufacturing & Supply Co.* (1987), 159 Ill. App. 3d 834, 512 N.E.2d 1286, the court held that the Consumer Fraud Act was not available to redress a purely private wrong. The court held that liability under the Act is not completely open-ended, but rather the Act was " 'intended to reach practices of the type which affect consumers generally and is not available *** to redress a purely private wrong.' " *Beaton & Associates*, 159 Ill. App. 3d at 847, 512 N.E.2d at 1293, quoting *Frahm v. Urkovich* (1983), 113 Ill. App. 3d 580, 585-86, 447 N.E.2d 1007, 1011; see also *I K Corp. v. One Financial Place Partnership* (1990), 200 Ill. App. 3d 802, 558 N.E.2d 161; *Blake v. State Farm Mutual Automobile Insurance Co.* (1988), 168 Ill. App. 3d 918, 523 N.E.2d 85; *Century Universal Enterprises, Inc. v. Triana Development Corp.* (1987), 158 Ill. App. 3d 182, 510 N.E.2d 1260.

In an Illinois Appellate Court, Fifth District, case, *Sullivan's Wholesale Drug Co. v. Faryl's Pharmacy, Inc.* (1991), 214 Ill. App. 3d 1073, 573 N.E.2d 1370, the defendants argued that summary judgment was properly granted in their favor because there was no showing that their conduct resulted in public injury. The court held the argument without merit, stating:

> "No allegation of public injury is required to recover money damages under the Consumer Fraud Act. [Citations.] This was so before and it has now been made explicit by the legislature. See Ill. Rev. Stat. 1989, ch. 121½, par. 270a(a) ***." (*Sullivan's Wholesale Drug Co.*, 214 Ill. App. 3d at 1085-86.)

In an Illinois Appellate Court, Second District, case, the court rejected the plaintiff's argument that it could only allege a consumer fraud count after the 1990 amendment "eliminated the requirement" of a showing of public injury. (*Trans World Airlines, Inc. v. Martin Automatic, Inc.* (1991), 215 Ill. App. 3d 622, 628, 575 N.E.2d 592.) The court stated that "it has long been recognized by Illinois courts that no allegation of public injury was required in actions under the Act." *Trans World Airlines, Inc.*, 215 Ill. App. 3d at 628.

There has also been a split of authority in Federal cases as to whether proof of public injury is necessary. See *Jays Foods, Inc. v. Frito Lay, Inc.* (N.D. Ill. 1987), 664 F. Supp. 364, 368 (requiring consumer injury); *Madruff v. Life Insurance Co.* (N.D. Ill. 1987), 657 F. Supp. 437, 440 (requiring consumer injury); *Hometown Savings & Loan Association v. Moseley Securities Corp.* (N.D. Ill. 1988), 703 F. Supp. 723, 726 (not requiring consumer injury); *Haraco, Inc. v. American National Bank & Trust Co.* (N.D. Ill. 1986), 647 F. Supp. 1026, 1034 (not requiring consumer injury).

The Federal courts have also reviewed the issue of whether the amendment clarified rather than changed the law. In *Uniroyal Goodrich Tire Co. v. Mutual Trading Corp.* (N.D. Ill. 1990), 749 F. Supp. 869, 878, the district court stated that the amendment "might suggest that no such [public injury] requirement has ever been intended." In *Resolution Trust Corp. v. Krantz* (N.D. Ill. 1991), 757 F. Supp. 915, the district court stated:

> "We find that there is enough legislative history on the amendment of the Act to conclude that the Illinois legislature did intend that the amendment be applied retroactively, i.e., that the change in the law is not substantive but a mere clarification. The only relevant portion of the legislative history reads:
>
> > 'House Bill 612 provides that the proof of public injury is not required in order to collect damages under the Act. This legislation *would clarify* that there is no such requirement in order for a plaintiff to be protected under this Act.'
>
> 86th General Assembly House Debate on House Bill 612 (May 23, 1989) (statement of Rep. Terzich) at 135-136. The legislative history is quite clear—the amendment clarified existing law, and therefore can be retroactively applied." (Emphasis added.) (*Krantz*, 757 F. Supp. at 922-23.)

Recently in *Hardin, Rodriguez & Boivin Anesthesiologists, Ltd. v. Paradigm Insurance Co.* (7th Cir. 1992) 962 F.2d 628, the court stated that it was of the opinion that the legislature merely intended to clarify the law, that the court believed the Illinois Supreme Court would reach the same conclusion, and that, accordingly, public injury was not a required showing under the Act even prior to the amendment. *Hardin*, 962 F. 2d at 637-38.

We acknowledge the split of authority in both State and Federal courts as to whether the Consumer Fraud Act required proof of a public injury prior to the 1990 amendment. However, the Illinois Appellate Court recently addressed the issue of whether the 1990 amendment to the Consumer Fraud Act should be applied retroactively. *Rubin v.*

*Marshall Field & Co.* (1992), 232 Ill. App. 3d 522, 597 N.E.2d 688, alleged a violation of the Consumer Fraud Act involving a single act which took place in 1986. The court held that the plaintiff had overcome the presumption that the amendment to the Consumer Fraud Act was intended to change the statute by showing the conflict in the courts. The court noted that some decisions of the appellate court indicate that plaintiff must show a pattern of deceptive practices to succeed on a claim under the Consumer Fraud Act while other decisions find proof of a single act sufficient to support a claim under the Act. The court found: "The amendment of the Consumer Fraud Act clarifies that the legislature intended to provide relief under the Act even for plaintiffs who can prove only a single deceptive act." *Rubin*, 232 Ill. App. 3d at 532.

The *Rubin* court quoted the following from the Illinois Supreme Court's decision in *Bruni v. Department of Registration & Education* (1974), 59 Ill. 2d 6, 319 N.E.2d 37:

" 'The principle has been established by this court that in ascertaining the intent of the General Assembly in the construction of a statute where no specific provision appears to aid such construction recourse may be had to the language of subsequent acts of the same law-making body. [Citation.] And these subsequent acts of the General Assembly may be amendments to the act being construed. [Citation.] *** [A] statutory amendment creates a presumption that it was intended to change the law ***. This presumption is not conclusive, and a subsequent amendment does not necessarily indicate an intention to change the law as it previously existed. ***
***

The weight to be given a subsequent amendment in the construction of a statute and whether it will be held to be a manifestation of an intent to change the law as it previously existed or only a clarification of its terms, of course, must depend upon the circumstances involved.' " (*Rubin*, 232 Ill. App. 3d at 531-32, quoting *Bruni*, 59 Ill. 2d at 11-12, 319 N.E.2d at 39-40.)

The *Rubin* court also cited *People v. Badoud* (1988), 122 Ill. 2d 50, 56, 521 N.E.2d 884, 887. In *Badoud* the court found a subsequent amendment to the statute the court was construing "extremely relevant." The court stated:

"The reason is that an amendment to a statute is an appropriate source for determining the original legislative intent of the statute. [Citations.] Where, as here, an amendment is enacted

soon after controversies have arisen regarding the statute amended, it is logical and reasonable to regard the amendment as a legislative interpretation of the original statute." *Badoud*, 122 Ill. 2d at 56, 521 N.E.2d at 887.

In light of the court's holding in *Rubin v. Marshall Field & Co.* (1992), 232 Ill. App. 3d 522, 597 N.E.2d 688, that the 1990 amendment to the Consumer Fraud Act merely clarified rather than changed the Act, we must find that proof of a public injury is not required to state a cause of action under the Consumer Fraud Act in this case. Accordingly, for all the reasons set forth above we reverse the decision of the trial court dismissing count IV of the amended complaint. We remand the matter to the trial court with directions to reinstate count IV of the amended complaint.

Reversed and remanded with directions.

LORENZ* and GORDON, JJ., concur.

---

*Justice Lorenz concurred in this opinion prior to his retirement.