EMPIRE HOME SERVICES, INC., Plaintiff-Appellant, v. CARPET AMERICA, INC., et al., Defendants-Appellees.

First District (4th Division)   No. 1—93—4562

Opinion filed July 13, 1995.

Charles J. Pesek, of Geneva, for appellant.

Russell M. Kofoed, of Fox & Grove, Chartered, of Chicago, for appellee Super City Home Remodelers, Inc.

JUSTICE CAHILL delivered the opinion of the court:

Empire Home Services, Inc., a seller and installer of carpet, and a ubiquitous presence on television in the Chicago metropolitan area, sued defendants for alleged violations of both the Consumer Fraud

and Deceptive Business Practices Act (815 ILCS 505/1 *et seq.* (West 1992)) and the Uniform Deceptive Trade Practices Act (815 ILCS 510/1 *et seq.* (West 1992)). Defendant Super City Home Remodelers, Inc., filed a motion to dismiss under section 2—615 of the Illinois Code of Civil Procedure (735 ILCS 5/2—615 (West 1992)). Empire appeals from the order which dismissed the complaint with prejudice. We reverse.

Empire's complaint alleged violations of the Consumer Fraud and Deceptive Business Practices Act (Consumer Fraud Act) in count I and the Uniform Deceptive Trade Practices Act (Deceptive Trade Act) in count II. Empire claimed in count I that its advertising, which emphasizes a telephone number—588-2300—generates more than 1,000 responses a day. Empire claimed that Super City, sometime in 1991, began to use the telephone number 588-3200, and that some potential Empire customers mistakenly phoned Super City. Empire further claimed that these callers were told that they had reached Empire or a company "just like Empire." Super City then referred the caller to Carpet America, not a party to this appeal. Carpet America then contacted the caller and claimed to be Empire, using a sales presentation and purchase orders similar to Empire's. Empire alleged that potential Empire customers were deceived, that Empire lost business, was denied the benefit of advertising, and suffered damage to goodwill. Empire sought economic and punitive damages, injunctive relief, attorney fees, and other relief the court might find just.

Empire repled the substantive allegations of count I in count II, under the Deceptive Trade Act, and further alleged that Super City violated that act by passing off other goods and services as the goods and services of Empire.

After a hearing, the trial court dismissed Empire's complaint with prejudice. The court held that the Consumer Fraud Act does not address competitive tactics among business competitors.

Defendants cite *Century Universal Enterprises, Inc. v. Triana Development Corp.* (1987), 158 Ill. App. 3d 182, 510 N.E.2d 1260, in support of the trial court and their argument that the Consumer Fraud Act does not cover disputes between competitors. *Century* rejected a cause of action brought by one competitor against another under the Act because there was a contract between the parties. The court held that recovery for breach of contract is not allowed under the Consumer Fraud Act, reasoning that the legislature did not intend to replace Illinois' common law of contracts and fraud by creating a cause of action under the Consumer Fraud Act. *Century*, 158 Ill. App. 3d 182, 510 N.E.2d 1260.

Several later decisions, however, allow competitors who are not consumers of each other's goods and who do not have a contract with one another to sue under the Consumer Fraud Act. (*Sullivan's Wholesale Drug Co. v. Faryl's Pharmacy, Inc.* (1991), 214 Ill. App. 3d 1073, 573 N.E.2d 1370; *Downers Grove Volkswagen, Inc. v. Wigglesworth Imports, Inc.* (1989), 190 Ill. App. 3d 524, 546 N.E.2d 33.) The court in *Sullivan's* held that "[t]he protections of the statute are not limited to consumers. That this is so is made clear by the full title of the act itself, which indicates that it is 'An Act to protect consumers and borrowers and *businessmen* against fraud, *unfair methods of competition* and *unfair or deceptive acts* or practices in the conduct of any trade or commerce ***.' " (Emphasis added.) *Sullivan's*, 214 Ill. App. 3d at 1082, 573 N.E.2d at 1370, quoting Ill. Rev. Stat. 1983, ch. 121 1/2, par. 261 *et seq.*

■ When a dispute under the Consumer Fraud Act involves businesses which are not consumers of each other's products, the issue is whether the alleged conduct involves trade practices addressed to the market generally or otherwise implicates consumer protection concerns. *Downers Grove*, 190 Ill. App. 3d 524, 546 N.E.2d 33.

Empire alleged that when potential Empire customers reach Super City, Super City tells them they have reached Empire. The customers are then referred to Carpet America, which continues the deception. We believe Empire has alleged facts which, if true, state a cause of action under the Consumer Fraud Act.

■ Super City next argues that Empire cannot sue under the Consumer Fraud Act because Empire did not rely on a misrepresentation by Super City and that no public injury was alleged. We find both of these arguments wanting. Super City's reliance argument was addressed by the supreme court in *Siegel v. Levy Organization Development Co.* (1992), 153 Ill. 2d 534, 607 N.E.2d 194. The court held that the Consumer Fraud Act does not require actual reliance. (*Siegel*, 153 Ill. 2d 534, 607 N.E.2d 194.) The requirement of a public injury was addressed in a 1990 amendment to the Act which added the sentence: "Proof of a public injury, a pattern, or an effect on consumers generally shall not be required." (815 ILCS 505/10a(a) (West 1992).) The court in *Royal Imperial Group, Inc. v. Joseph Blumberg & Associates, Inc.* (1992), 240 Ill. App. 3d 360, 608 N.E.2d 178, also addressed the issue and held that proof of public injury is not required to state a cause of action under the Consumer Fraud Act. (*Royal*, 240 Ill. App. 3d 360, 608 N.E.2d 178.) Super City cites *Ashkenazy v. I. Rokeach & Sons, Inc.* (N.D. Ill. 1991), 757 F. Supp. 1527, for the contention that the Consumer Fraud Act requires allegations of a public injury. The court in *Ashkenazy* reviewed the 1989 version of the Act which did not include the amendment.

We turn to the alleged violations of the Deceptive Trade Act in count II.

■ The Deceptive Trade Act reads:

"A person engages in a deceptive trade practice when, in the course of his business, vocation or occupation, he:

(1) passes off goods or services as those of another;

(2) causes likelihood of confusion or of misunderstanding as to the source, sponsorship, approval or certification of goods or services;

(3) causes likelihood of confusion or of misunderstanding as to affiliation, connection or association with or certification by another.

\* \* \*

In order to prevail in an action under this Act, a plaintiff need not prove competition between the parties or actual confusion or misunderstanding." 815 ILCS 510/2 (West 1992).

■ Empire alleged that Super City engaged in passing off its goods and services as those of Empire. Empire further alleged that when potential Empire customers reach Super City, they are told they have reached Empire. Super City then conceals the fact that the customer is not dealing with Empire. We conclude that count II of Empire's complaint states a cause of action upon which relief could be granted under all three provisions of the Deceptive Trade Act and find that the trial court erred in granting defendant's motion to dismiss count II.

■ Super City next argues that Empire, in count II, improperly pled the following in its prayer for relief: (1) an accounting of defendant's business; (2) damages in the amount of the profits usurped by defendant's wrongful activities; (3) an injunction that prohibits defendant's use of its telephone number; and (4) such further relief as the court deems just. The contention would ordinarily go beyond our scope of review of a section 2—615 motion to dismiss because we are asked to decide whether, on the facts alleged in the complaint, any possibility of recovery exists. If so, the dismissal must be vacated. (*Riley v. Singer* (1979), 75 Ill. App. 3d 1036, 394 N.E.2d 746.) We address the issue here because both acts limit the relief available.

The Deceptive Trade Act provides:

"A person likely to be damaged by a deceptive trade practice of another may be granted injunctive relief upon terms that the court considers reasonable. \*\*\*

Costs or attorneys' fees or both may be assessed against a defendant only if the court finds that he has wilfully engaged in a deceptive trade practice." (815 ILCS 510/3 (West 1992).)

Plaintiff cannot seek damages or an accounting of defendant's business under the Deceptive Trade Act. *Greenberg v. United Airlines* (1990), 206 Ill. App. 3d 40, 563 N.E.2d 1031.

We conclude that Empire's complaint states a cause of action under both the Consumer Fraud Act and the Deceptive Trade Act. The plaintiff's relief, however, is limited to damages and attorney fees under the Consumer Fraud Act and injunctive relief and attorney fees under the Deceptive Trade Act.

Reversed and remanded.

HOFFMAN, P.J., and THEIS, J., concur.